# Exhibit C

Case 3:21-cv-02485-B   Document 1-3   Filed 10/11/21   Page 2 of 15   PageID 12

FILED
8/23/2021 10:33 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

DC-21-11373

CAUSE NO. _____

| | | |
|---|---|---|
| **NERLENS NOEL,** | § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | 95th |
| v. | § § | \_\_\_\_ JUDICIAL DISTRICT |
| **RICHARD PAUL and KLUTCH SPORTS GROUP, LLC,** | § § § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Nerlens Noel ("Noel" or "Plaintiff"), for his Original Petition against Defendants Richard "Rich" Paul ("Paul") and Klutch Sports Group, LLC ("Klutch Sports") (collectively "Defendants"), alleges as follows:

### I.
### DISCOVERY CONTROL PLAN

Plaintiff requests that discovery be conducted pursuant to a Level 3 discovery control plan pursuant to Tex. R. Civ. P. 190.4.

### II.
### PARTIES JURISDICTION AND VENUE

Plaintiff Noel is a citizen of the State of New York, with an address located White Plains, New York.  Noel was previously a resident and citizen of the State of Texas.

Defendant Paul is, upon information and belief, a resident and citizen of the State of California with an address at 822 N. Laurel Street, Los Angeles, California 90046.

Defendant Klutch Sports is, upon information and belief, a Delaware limited liability company with an address located at 822 N. Laurel Street, Los Angeles, California 90046.  Klutch Sports' registered agent for service of process is Corporation Service Company, with an address at 251 Little Falls Drive, Wilmington, Delaware 19808.

This dispute arises out of business transactions between the parties in the State of Texas. This Court has subject matter jurisdiction because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the protections and benefits of Texas law by having sufficient, continuous and systematic contacts with the State of Texas and exercising personal jurisdiction over them would not offend traditional notions of fair play and substantial justice. Defendants have conducted substantial business within the State of Texas and have generated substantial revenues from contracts entered into with Texas residents. Further, Defendants contracted and worked directly with Noel, who was a resident of Texas at the time of many of the events that are the subject of this action.

Venue is proper in this Court under Chapter 15 of the Texas Civil Practice and Remedies Code, including without limitation section 15.002(a)(1), because a substantial part of the events or omissions giving rise to the claims occurred within this Judicial District.

## III.
## FACTS

### A.  The Parties to the Dispute

Plaintiff Noel is a professional basketball player who currently plays in the National Basketball Association ("NBA") for the New York Knicks. Noel was drafted into the NBA out of the University of Kentucky in 2013. He was selected as the 6th overall pick in the NBA draft by the New Orleans Pelicans and was later traded to the Philadelphia 76ers on the night of the draft.

Noel played for the Philadelphia 76ers starting in the 2014/2015 NBA season and averaged 9.9 points and 8.1 rebounds per game in his rookie season. Noel continued to play for the 76ers

through the first part of the 2016/2017 NBA season. During this time, Mr. Happy Walters served as Noel's agent.

In and around February 23, 2017, Noel was traded by the 76ers to the Dallas Mavericks. He made his debut for the Mavericks on February 25, 2017. Noel played 22 games for the Mavericks and finished the season for Dallas averaging 8.5 points, 6.8 rebounds, 1 steal and 1.1 blocks per game, playing 21.9 minutes per game. Mr. Happy Walters served as Noel's agent at the time of the trade to Dallas.

Following the 2016/2017 season, Noel become a restricted free agent. As the free agent season began on July 1, 2017, Dallas offered Noel a contract to sign and play for the Mavericks for 4-years at $70 million. When this offer was made, Noel was still represented by Happy Walters. Walters would have received a percentage of Noel's proposed contract with Dallas had Noel accepted the offer.

Around this same time, during the summer of 2017, Noel was working out and training with fellow NBA players in California. One of those players was Ben Simmons of the Philadelphia 76ers. In July 2017, Noel attended Ben Simmons' birthday party in Los Angeles. During the dinner for the party, Noel was seated next to Defendant Paul, who was Simmons' agent at the time.

Defendant Paul is a sports agent specializing in representing NBA players. He is the founder, CEO, and Board Member of Defendant Klutch Sports. Defendant Klutch Sports is a sports agency which was founded in 2012. Klutch Sports and/or Paul currently represent a number of professional athletes across multiple professional sports, including the NBA and National Football League ("NFL"). Klutch Sports had more than $1.3 billion in contracts under management in 2020. Notable clients of Klutch Sports in the NBA today include Lebron James (Los Angeles Lakers), Anthony Davis (Los Angeles Lakers), Trae Young (Atlanta Hawks),

Draymond Green (Golden State Warriors), Ben Simmons (Philadelphia 76ers), John Wall (Houston Rockets), and Dejounte Murray (San Antonio Spurs).

**B.      Paul Recruits Noel – A Fiduciary Relationship is Formed**

During the aforementioned party for Ben Simmons, Paul made a pitch to become Noel's agent. Paul represented to Noel that he "was a 100 million man" and that he would get him a max deal. Paul told Noel that if he terminated his relationship with Mr. Walters and signed with him instead, Paul would get him that "max deal." As part of this, Paul advised Noel that he should cease negotiations with Dallas, accept the single year qualifying offer, and seek a max deal on the free agent market the following season.

Ultimately, at the behest of Paul, Noel terminated his agency relationship with Happy Walters and officially entered into a contract with Paul on August 21, 2017. This agreement was titled the Standard Player Agent Contract ("SPAC"). Section 1 of the SPAC provides that the SPAC is entered into pursuant to and in accordance with the National Basketball Players Association ("NBPA") Regulations Governing Player Agents ("the NBPA Regulations").

Noel did not negotiate the terms and conditions of the SPAC. The SPAC is a standard form agreement used for all NBA player and agent contracts. At the time Noel entered into the SPAC with Paul, Noel lived in Dallas, Texas.

**C.      Paul Fails in His Representation of Noel**

On August 23, 2017, two days after Paul and Noel entered into the SPC, Paul advised Noel that he should cease negotiations with Dallas and proceed with signing the qualifying offer that had previously been presented to Noel by the Mavericks. The qualifying offer was for a one-year contract to play for the Mavericks in exchange for payment of approximately $4.1 million.

Noel took Paul's advice and accepted and entered the qualifying contract with the Mavericks on August 23, 2017. This agreement was titled National Basketball Association Uniform Player Contract ("the Dallas UPC"). The Dallas UPC was reported to the NBA league office on August 28, 2017. The NBA accepted the contract on September 11, 2017. Paul is identified as Noel's agent on the Dallas UPC, and he received a payment of 4% of the value of the contract from Noel.

The 2017/2018 NBA season began on October 17, 2017 (and ended April 11, 2018). Noel initially played well for the Mavericks and was largely considered a rising star in the league. However, by December 2017, Noel tore a ligament in his thumb and had surgery to repair the ligament and was forced to miss 42 games. Noel returned to finish the season, and ultimately averaged 4.5 points, 5.6 rebounds, 1 steal and .7 blocks per game at only 15.7 minutes per game -- playing in a total 30 games for the year.

Following the 2017/2018 season, Paul began to lose interest in Noel as a client. During the free agent season which began on July 1, 2018, and after Noel's one-year contract with Dallas expired, neither Paul nor anyone at Klutch Sports presented any real proposals to Noel in terms of strategies or ideas on how Noel might secure a long-term contract or even a significant contract for the following season. Indeed, as the 2018 NBA free agent season began, no real offers or deals were presented to Noel on the first day of free agency.

Nonetheless, Russell Westbrook and Paul George, then of the Oklahoma City Thunder, recruited Noel to come join them and play for the Thunder. As a result, Noel ended up signing a two-year, $3.75 million, league minimum deal with Oklahoma City on July 6, 2018. This deal had a player option in the second year giving Noel an early opt-out to once again test the free agent

market the following summer if he decided to do so. Paul was paid 2% of the Oklahoma City player contract by Noel.

Noel played the entire 2018/2019 NBA season for Oklahoma City and played a critical role on what was a playoff team. He was a fan favorite and ultimately averaged 5 points, 4.2 rebounds, 1 steal and 1.2 blocks per game in only 13.7 minutes of playing time per game off the bench. Noel was lauded for his defensive prowess.

During and after the 2018/2019 season, neither Paul nor Klutch Sports made any effort to try and secure contracts or deals on Noel's behalf. There was absolutely no mention of a strategy to try and generate interest from teams and/or potential new endorsement deals. After the season, at the advice of Paul, Noel declined his player option for year two, once again hitting the free agent market. Most people in the league believed that Noel was set to sign a multi-year deal with value much higher than the league minimum given his production in Oklahoma City in that past season.

It was around this time, in and around the end of June 2019, that rumors were circulating in NBA circles that Noel was set to sign a three-year deal with the Thunder. Veteran NBA reporter Adrian Wojnarowski even tweeted as much on June 30, 2019. On information and belief, these rumors – which turned out to be false – were circulated by either Paul, someone from Klutch Sports, or someone within the Oklahoma City organization. As a result of the rumors, on information and belief, teams began shying away from putting offers together to try and sign Noel.

The free agency season began July 1, 2019. Because Paul and Klutch Sports failed to do any work on Noel's behalf in the previous year, and because teams may have believed Noel was going to sign a multi-year deal with Oklahoma City, no offers came from other teams. As a result of Paul's failures as an agent and refusal to do any work on Noel's behalf, Noel was forced to sign yet another one-year league minimum contract with Oklahoma City for the 2019/2020 season

(worth roughly $1.9 million). Noel entered into a second Uniform Player Contract with Oklahoma City on July 1, 2019. Paul was paid 2% of the contract by Noel.

Noel learned from his former coach with the 76ers, Brett Brown, who was still with the 76ers, that the 76ers front office had been trying to contact Paul to discuss the possibility of signing Noel to a contract where he would return to the 76ers. However, Paul did not take and/or return any of the calls from the 76ers. Noel also learned that Paul was not returning or taking calls from other team representatives who were interested in signing Noel for their respective teams.

Despite again playing for the league minimum, Noel played for the Thunder through the 2019-2020 season. During the season he averaged 7.7 points on 68.5% shooting from the floor, 5 rebounds, 1 steal and 1.5 blocks per game at only 18.5 minutes per game. Noel played in 61 total games during the season. He was still considered to be one of the best defensive centers in the game.

Once again, during the 2019-2020 season, neither Paul nor Klutch Sports were doing any work on Noel's behalf. Concerned about the lack of effort or results, Noel contemplated terminating his relationship with Paul sometime in January 2020. Noel expressed his concerns to Mr. Lucas Newton from Klutch Sports, and Newton informed Noel that he had been talking to Oklahoma City on his behalf and that OKC was planning on offering Noel a three-year deal for between $7 and $10 million per year. Based on this representation, Noel did not terminate his relationship with Paul.

The 2019/2020 season ended, and the free agency period began in November 2020. On the first day of the free agency period, and despite the prior representations of Mr. Newton, Noel did not hear from a single team. Noel spoke with Mr. Newton that night, and Mr. Newton advised Noel that the Oklahoma City deal was still in play and that they were just trying to move money

around on the books to create cap space for the deal. However, Noel later learned that representatives from the Houston Rockets and the Los Angeles Clippers were trying to contact Paul, but that Paul was not taking or returning those calls.

On the second night of free agency, Noel's friend and advisor, Steven Dorn, received a call from Leon Rose, who had recently been hired as President of the New York Knicks. Mr. Rose asked Dorn who was serving as Noel's agent because he wanted to speak to them about Noel signing with the Knicks. Dorn directed Mr. Rose to Paul. Eventually, on November 25, 2020, Noel signed a Uniform Player Contract with the New York Knicks, which was a one-year deal for $5 million.

Despite signing the contract with the Knicks, which Paul played virtually no role in, Noel's frustrations with Paul came to a tilt in December 2020 when he learned that Paul had a history of mismanaging and ignoring other clients and costing them significant money. The belief was that Paul and Klutch Sports were only focused on serving their "marquee" clients and did not have the capacity to provide competent service to other clients such as Noel, or players like Norris Cole or Shabazz Mohammad, as additional examples. Noel eventually terminated his relationship with Paul and Klutch Sports on or around December 19, 2020. Paul was replaced by George Langberg of the GSL Sports Agency.

During the 2020/2021 season playing for the Knicks, Noel averaged 5.1 points, 6.4 rebounds, 1.1 steals, and 2.2 blocks per game while playing 24.2 minutes per game. The Knicks made the playoffs for the first time in eight years and Noel played an important role in helping the Knicks return to the playoffs, especially on the defensive end. Once the 2021 NBA regular season was over and the free agency season began, and with Paul no longer in the picture, Noel signed a three-year deal with the Knicks for a total of approximately $32 million.

Absent Paul's tortious conduct, Noel would have signed a contract with Dallas worth $70 million over four years. Instead, Noel listened to Paul and earned a total of approximately $12 million during that same time frame – and in turn, Noel lost approximately $58 million in earnings. Further, had Paul made any effort to work on Noel's behalf from 2017 to 2020, Noel would not likely have been forced to sign a series of contracts consisting of qualifying offers and league minimum deals that were well below the fair market value for Noel's services.

## IV.
## CAUSES OF ACTION

### COUNT I – DECLARATORY JUDGMENT

Noel incorporates every prior allegation in the proceeding paragraphs as if set forth herein.

Section 1 of the SPAC provides that the SPAC is entered into pursuant to and in accordance with the NBPA Regulations. Section 7 of the SPAC provides that all disputes between the player and agent under the SPAC must be resolved exclusively through the arbitration procedure set forth in § 5 of the NBPA Regulations. The NBPA Regulations provide that the arbitration of a dispute shall be initiated by the filing of a written grievance, and that any grievance must be filed within thirty (30) days from the date of the occurrence of the event upon which the grievance is based or within thirty (30) days from the date on which the facts of the matter become known or reasonably should have become known to the grievant or within thirty (30) days from the effective date of these Regulations, whichever is later.

Noel requests a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code § 37.001 *et seq*, that § 7 of the SPAC is invalid, void, and unenforceable and that the agreement to arbitrate this dispute is otherwise contrary to public policy and is unenforceable and void.

### COUNT II – BREACH OF FIDUCIARY DUTY

Noel incorporates every prior allegation in the proceeding paragraphs as if set forth herein.

Paul was Noel's agent, representing him in connection with conducting individual compensation negotiations and/or assisting, advising, and counseling Noel in connection with enforcement of any contracts entered by Noel. According to Section 2 of the SPAC, Paul was expressly appointed as a fiduciary to Noel. The existence of a fiduciary relationship between Noel and Paul, with Paul owing a fiduciary duty to Noel, is an express term of the SPAC and otherwise arose by law based on the nature of the agency relationship that existed between Noel and Paul as detailed herein.

As a fiduciary to Noel, Paul owed Noel the duty of loyalty and utmost good faith, the duty of candor, the duty to refrain from self-dealing, the duty to act with integrity of the strictest kind, the duty of fair and honest dealing, the duty of strict accountability, and the duty of full disclosure.

As detailed herein, Paul induced Noel to terminate his relationship with his prior agent by advising him that he could get Noel a "max deal" if he hired Paul (and Klutch Sports) as his agent and ceased negotiations with Dallas. Paul, and/or his representatives or other Klutch Sports personnel, further made misrepresentations to Noel concerning alleged offers that were being made by teams in order to prevent Noel from terminating the agency relationship. Paul and Klutch Sports failed to do any meaningful work on Noel's behalf in terms of securing contracts, new endorsement deals, or even offering strategies to Noel on how to maximize his value and earnings. Paul refused to take and/or return calls from teams who were interested in signing Noel to beneficial contracts. Paul showed deference to his other, higher profile clients.

Paul's conduct, and that of Klutch Sports, constitute breach of the various fiduciary duties owed Noel.

As a result of the breaches of fiduciary duty as set forth herein, Noel lost out on a $70 million contract offer from the Dallas Mavericks and was instead forced to sign a series of

qualifying offers and league minimum contracts which were well below the true value of Noel services in the NBA marketplace. Because of the actions of Defendants, Noel is entitled to recover actual monetary damages in an amount to be determined at trial, including but not limited to the amount of any actual loss suffered by Noel as a result of the actions of Paul as set forth herein. Further, Paul and Klutch Sports acted with conscious indifference to Noel's rights through the behavior and acts described herein which constituted fraud, malice or gross negligence. As a result, Noel is entitled to recover exemplary or punitive damages from Paul and Klutch Sports.

### COUNT III – BREACH OF CONTRACT

Noel incorporates every prior allegation in the proceeding paragraphs as if set forth herein.

Noel and Paul entered into a valid contract in the form of the SPAC. Noel performed his obligations under the SPAC, and all conditions precedent to his recovery have been performed or have been satisfied. Paul breached the terms and conditions of the SPAC by, *inter alia*, failing to assist, advise, and/or counsel Noel in connection with his player contract(s) following execution of the SPAC. Paul failed to take any action to secure a favorable contract or do any meaningful work on Noel's behalf during and following the 2018/2019 NBA season. Paul also breached § 2 of the SPAC based on his breach of his fiduciary duty to Noel.

Paul's failure to do any work on Noel's behalf resulted in Noel terminating his relationship with Paul in December 2020. As a result of Paul's breaches of the SPAC, Noel was forced to accept league minimum deals for the early part of Noel's career. Because of the harm suffered by Noel as a proximate result of the breaches of the SPAC by Paul, Noel is entitled to recover compensatory or actual damages from Paul in an amount to be proven at trial.

### COUNT IV – NEGLIGENCE AND GROSS NEGLIGENCE

Noel incorporates every prior allegation in the proceeding paragraphs as if set forth herein.

As the agents for Noel, Paul and Klutch Sports owed Noel a duty to exercise a degree of care, skill, and diligence in connection with their relationship that was comparable to the degree of care, skill, and diligence that similar agents of ordinary skill and knowledge commonly possess and exercise.

Paul and Klutch Sports breached their duties to Noel by instructing Noel to cease negotiations with the Dallas Mavericks; instructing Noel to accept a qualifying offer from Dallas instead of the $70 million offer that was previously made; by failing to act diligently on Noel's behalf in that Paul did little to no work in securing contracts, pitching teams, securing new endorsement deals, or offering strategies to Noel on how to maximize his value and earnings, and by refusing to take and/or return calls from teams who were interested in signing Noel to beneficial contracts. Paul and Klutch Sports otherwise provided poor business advice and focused more on other clients to Noel's detriment.

Noel has suffered harm as a result of the negligence and gross negligence of Paul and Klutch Sports as alleged in this Petition in that he lost out on roughly $58 million in potential earnings and was forced to otherwise sign qualifying offers or league minimum payment contracts well below the actual market value of his services.

Because of the harm suffered by Noel as a proximate result of the negligence and gross negligence of Paul and Klutch Sports, Noel is entitled to recover any compensatory or actual damages in an amount to be proven at trial. Paul and Klutch Sports acted with malice, fraud and a conscious indifference to Noel's rights and interests and, therefore, Noel is entitled to recover exemplary or punitive damages from Defendants.

### COUNT V – BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

Noel incorporates every prior allegation in the proceeding paragraphs as if set forth herein.

By virtue of the special and/or fiduciary relationship, relationship of trust, and/or imbalance of power that existed between Noel and Paul as set forth in the SPAC, and as a result of the nature of the relationship between the parties, Paul and Klutch Sports owed Noel a duty of good faith and fair dealing. Paul and Klutch Sports breached the duty of good faith and fair dealing based on the actions set forth above, as well as other actions set forth in this Petition.

Noel is entitled to recover monetary damages from Defendants in an amount to be proven at trial, including any actual, compensatory, or exemplary damages. Paul and Klutch Sports acted with malice, fraud, and a conscious indifference to Noel's rights and interests and, therefore, Noel is entitled to recover exemplary or punitive damages from Paul.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Nerlens Noel, requests the following relief against Defendants Richard Paul and Klutch Sports, jointly and severally, as follows:

- A. a declaratory judgment as set forth herein;
- B. a judgment against Defendants for such damages as may be established at trial, including an amount for any actual, exemplary and/or punitive damages;
- C. attorneys' fees and costs; and
- D. all other relief to which he may be entitled and/or which the Court deems just and proper.

Dated: August 23, 2021                               Respectfully submitted,


  /s/ *Craig F. Simon*
Craig F. Simon
State Bar No. 00784968
**LOEWINSOHN DEARY SIMON RAY LLP**
12377 Merit Drive, Suite 900
Dallas, Texas 75251
Telephone: (214) 572-1700
Fax: (214) 572-1717
craigs@ldsrlaw.com

-and-

Dennis D. Murrell (pro hac vice to be filed)
Brian P. McGraw  (pro hac vice to be filed)
Matthew P. Dearmond  (pro hac vice to be filed)
**MIDDLETON REUTLINGER**
401 S. 4th Street, Suite 2600
Louisville, Kentucky 40202
Telephone: (502) 584-1135
Fax: (502) 561-0442
dmurrell@middletonlaw.com
bmcgraw@middletonlaw.com
mdearmond@middletonlaw.com

**ATTORNEYS FOR PLAINTIFF
NERLENS NOEL**