UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NERLENS NOEL, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-2485 |
| | § | |
| RICHARD PAUL and KLUTCH | § | |
| SPORTS GROUP, LLC, | § | |
| | § | |
| **Defendants.** | § | |

### PLAINTIFF'S MOTION TO STRIKE DECLARATION OF RONALD KLEMPNER

Plaintiff, Nerlens Noel ("Noel" or "Plaintiff"), hereby files this Motion to Strike the Declaration of Ronald Klempner [Dkt. 3, Ex. B, pp. 30-37] submitted by Defendants Richard Paul and Klutch Sports Group, LLC (collectively "Defendants") in support of their Motion to Dismiss. [Dkt. 3] (hereinafter "Motion").

In their Motion, Defendants request that this Court dismiss Plaintiff's Amended Petition on two grounds: first, that this Court lacks personal jurisdiction over both Defendants and, second, that all of Plaintiff's claims must be compelled to arbitration. In support of the latter, Defendants offer the declaration of Ronald Klempner, Senior Counsel for the National Basketball Players Association ("NBPA") (hereinafter the "Declaration"), purporting to lay out "the NBPA's position" as to how the SPAC, the NBPA Regulations, and the arbitration provision should be interpreted and enforced in the context of this lawsuit. Indeed, the Declaration offers little more than conclusory, self-serving assertions that amount to pure legal conclusions which, if considered, would usurp the role of the Court in deciding pure questions of law.

In his Amended Petition, Plaintiff asserts a number of claims regarding Defendants' actions and inactions over the period of multiple years. Notably, the Amended Petition also includes a

cause of action for a declaratory judgment in which Plaintiff requests that this Court declare the thirty-day limitations provision in the NBPA Regulations' arbitration provision renders any agreement to arbitrate invalid and unenforceable. As laid out more fully in Plaintiff's response to Defendants' Motion to Dismiss, Plaintiff also contends that his other claims also fall outside the scope of the arbitration provision. Defendants apparently do not have faith in the Court's ability to decide these ultimate issues of law as they have offered a Declaration that purports to make this determination for it.

For instance, though it is precisely what it is at issue in Count I of Plaintiff's Amended Petition and Defendants' pending Motion to Dismiss, Mr. Klempner offers "the NBPA's view" that this lawsuit is "subject to mandatory and exclusive arbitration." *See* Declaration, ¶ 27. Mr. Klempner then points to certain language in the SPAC and section 5 of the NBPA Regulations in support of his own interpretation of the provision. *Id*. Mr. Klempner's exercise in contractual interpretation goes on to conclude that Plaintiff's claims all fall within the scope of Mr. Klempner's own interpretation of the arbitration provision. *Id*., ¶ 28. The Declaration goes on to interpret the "effect" of the limitations period contained in the arbitration provision. Specifically, Mr. Klempner broadly concludes, without explanation or evidence, that the statute of limitations "does not have the effect implied by Noel." *Id*., ¶ 30. Mr. Klemper concludes with the blanket and conclusory assertion that time limitations in the NBPA Regulations is "entirely valid and appropriate." *Id*.

It is not the role of Mr. Klempner nor any other witness to determine whether the statute of limitations is valid or appropriate. Rather, it is the responsibility of a court to decide disputed questions of law. *Genband US LLC v. Metaswitch Networks Corp*., No. 2:14-CV-33-JRG-RSP, 2016 WL 98745, at *3 (E.D. Tex. Jan. 8, 2016); *Sheet Metal Workers, Int'l Ass'n, Local Union No. 24 v. Architectural Metal Works, Inc*., 259 F.3d 418, 424 n. 4 (6th Cir.2001) ("[T]he opinions of

2

percipient or expert witnesses regarding the meaning(s) of contractual provisions are irrelevant and hence inadmissible."). Whether the limitations period is valid, appropriate, or even applicable are questions squarely within the province of this Court. *See, e.g., Garcia v. Harris Cty.*, No. CV H-16-2134, 2018 WL 6068157, at *4 (S.D. Tex. Nov. 20, 2018) (holding that expert's opinions improperly attempted to summarize the applicable law and whether parties' conduct met it). In *Kerans v. Provident Life & Accident Ins. Co.*, 452 F.Supp.2d 665, 671 (N.D. Tex. 2005), in addressing a motion to remand a case that was removed based on federal question jurisdiction, the Northern District struck sections of affidavit that contained similarly conclusory statements and inadmissible legal conclusions about the applicability of ERISA.  *See also Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (excluding witness testimony that amounts to legal argument that extends beyond what lawyers may offer in argument). *See*

Plaintiff requests that the Klempner Declaration  be stricken in its entirety as it is nothing more than a series of improper and inadmissible legal conclusions that should not be considered by this Court.  Alternatively, Plaintiff requests that the objectionable portions of declaration should be stricken, in particular, paragraphs 18, 20, and 27-30, as improper and inadmissible legal conclusions.

Respectfully submitted,

 /s/ *Brian P. McGraw*
Brian P. McGraw (pro hac vice)
Dennis D. Murrell (pro hac vice to be filed)
Matthew P. Dearmond (pro hac vice to be filed)
MIDDLETON REUTLINGER
401 S. 4th Street, Suite 2600
Louisville, Kentucky 40202
Telephone: (502) 584-1135
Fax: (502) 561-0442
dmurrell@middletonlaw.com
bmcgraw@middletonlaw.com
mdearmond@middletonlaw.com

Craig F. Simon
State Bar No. 00784968
LOEWINSOHN DEARY SIMON RAY LLP
12377 Merit Drive, Suite 900
Dallas, Texas 75251
Telephone: (214) 572-1700
Fax: (214) 572-1717
craigs@ldsrlaw.com

ATTORNEYS FOR PLAINTIFF
NERLENS NOEL

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(b), counsel for Plaintiff conferred with counsel for Defendants on November 15, 2021 via email. Counsel for Defendants confirmed that Defendants oppose the relief sought herein.

 /s/ *Brian P. McGraw*
Brian P. McGraw

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of November, 2021, a true and correct copy of the foregoing document has been served via e-filing upon all counsel of record.

 /s/ *Craig F. Simon*
Craig F. Simon