UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NERLENS NOEL, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-2485 |
| | § | |
| RICHARD PAUL and KLUTCH | § | |
| SPORTS GROUP, LLC, | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY
## AND BRIEF IN SUPPORT

Plaintiff, Nerlens Noel ("Noel" or "Plaintiff"), hereby files this Motion to Conduct Jurisdictional Discovery in response to Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2).  In support thereof, Plaintiff states that Defendants have filed a joint motion to dismiss under Rule 12(b)(2) [Dkt. 3] (hereinafter "Motion") and a supporting affidavit [Dkt. 4, Ex. A, pp. 3-6 (Declaration of Rich Paul)] asserting that they are not subject to this Court's jurisdiction. Plaintiff seeks leave to conduct limited jurisdictional discovery to address the assertions made in Defendants' supporting declaration as well as other limited facts bearing upon the issue of whether there is general or specific jurisdiction over Defendants in Texas. The right to such discovery is well established. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). As demonstrated below, the Court should order that such discovery take place prior to ruling on Defendants' Motion.

### I.      BRIEF BACKGROUND

On September 3, 2021, Noel filed his Amended Petition in the 95th Judicial District Court of Dallas County, Texas, asserting against Defendants Richard Paul ("Paul") and Klutch Sports Group, LLC ("Klutch") (collectively "Defendants") claims for declaratory judgment, breach of

fiduciary duty, breach of contract, breach of the duty of good faith and fair dealing, civil conspiracy, and aiding and abetting. [Dkt. 1, Ex. D].  Noel's claims center around Defendants' representation of him from August, 2017, through December, 2020. However, the genesis of this relationship and Noel's claims date back to July, 2017, after Noel had just finished his first season with the Dallas Mavericks. Noel contends that, while he was a restricted free agent with a pending qualifying offer as well as a long-term offer from the Mavericks, Paul induced him to terminate his relationship with his then-agent based on representations that Paul would get Noel a "max deal" with the Mavericks or some other NBA club. [Dkt. 1, Ex. D, pp. 3-4]. After formalizing their relationship by signing a standard SPAC, Paul then advised Noel to cease negotiations with the Mavericks on the long-term deal and accept their single year qualifying offer. [Dkt. 1, Ex. D, p. 4]. Noel then played the following season with the Mavericks under a single year contract. *Id*. Afterward, Defendants not only did not present Noel with any "max deal," they did not present Noel with any long-term deal comparable to the long-term deal the Mavericks had offered nor commensurate with Noel's potential market value. [Dkt. 1, Ex. D, pp. 5-6].

Instead, under the Defendants' representation, Noel's compensation followed a similar path for the next two years. This period was marked by, among other things, Defendants' failure to develop or execute any strategy to secure meaningful contracts or endorsement deals on Noel's behalf. [Dkt. 1, Ex. D, pp. 6-8]. This included failing to return calls and communications from other NBA clubs interested in signing Noel and making representations about potential offers that, in fact, never existed. For instance, Noel later learned that the Houston Rockets had been trying to contact Paul about their interest in Noel, but that Paul was either not taking their calls or not returning them. [Dkt. 1, Ex. D, p. 8].

Defendants filed their joint Motion to Dismiss on October 18, 2021, arguing, among other things, that this Court lacks personal jurisdiction over both Paul and Klutch. Specifically, Defendants contend that they lack minimum contacts in Texas sufficient to subject them to specific or general jurisdiction.  Motion, pp. 18-22. In support, they point to the fact that neither Paul nor Klutch are residents of Texas, that neither Defendant took any relevant action (or inaction) in Texas, and that litigating this matter in a Texas court would impose a significant inconvenience and burden upon them. *Id.*

Defendants' position ignores some of the central facts surrounding their relationship with Noel and the allegations underpinning his claims in favor of self-serving assertions about cherry-picked aspects of the location of their primary business. Immediately prior to and at the time his relationship with Defendants was formed, Noel was Texas resident, performing services for a Texas organization, and with two pending contract offers from said Texas organization. One of Defendants' first acts after their relationship with Noel was formalized was to advise Noel regarding these pending (Texas) contract offers; advice on which much of Noel's allegations are based. As set forth in Plaintiff's Response to Defendants' Motion to Dismiss, Defendants' contacts with Texas in connection with Plaintiff are sufficient to establish specific jurisdiction. Additionally, upon information and belief, through its clients in the sports industry, Klutch has established such continuous and systematic contact with the state of Texas that it is subject to the general jurisdiction of this Court. Noel pleads facts sufficient to establish personal jurisdiction over Defendants.  However, if the Court does not believe that Noel has sufficiently established specific jurisdiction, Noel should be afforded an opportunity to conduct limited discovery regarding Defendants' jurisdictional assertions in an effort to show that Defendants are subject to both specific and general jurisdiction in Texas.

## II.    <u>ARGUMENT</u>

A court has broad discretion to permit a party to conduct jurisdictional discovery. *Next Techs., Inc. v. ThermoGenisis, LLC*, 121 F. Supp. 3d 671, 676 (W.D. Tex. 2015). To support a request for jurisdictional discovery, a plaintiff must first make a "preliminary showing of jurisdiction." *Id*. This preliminary showing does not require proof that personal jurisdiction exists, but rather need only include "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts." *Id*. (internal citation omitted). In other words, a plaintiff must state what facts discovery is expected to uncover and how those facts would support personal jurisdiction. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000). If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts ... the plaintiff's right to conduct jurisdictional discovery ***should be sustained.***" *Next Techs., Inc.*, 121 F. Supp. 3d at 676 (emphasis added).

Further, in the Fifth Circuit, discovery decisions "must … adhere to the liberal spirit of the Rules" of Civil Procedure. *U.S., ex rel., Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 469 (5th Cir. 2015). As a result of this liberal spirit, jurisdictional discovery should only be denied where it is impossible that the discovery "could … add[ ] any significant facts" that might bear on the jurisdictional determination. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000). In other words, jurisdictional discovery should be granted unless "no amount of information … would strengthen" the jurisdictional claim in this case. *Id*. (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)). Particularly because relevant jurisdictional evidence is mostly, or entirely, within the possession of the defendant, broad jurisdictional discovery also ensures that jurisdictional disputes will be "fully and fairly" briefed to a court. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1345-46 (5th Cir. 1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947));

accord *Pudlowski v. St. Louis Rams, LLC*, 829 F.3d 963, 964-65 (8th Cir. 2016) (venue discovery "makes good sense given that jurisdiction is (1) important, (2) often fact-intensive, and (3) only required to be alleged plausibly .... A court has an independent obligation to ensure that the case is properly before it. Discovery is often necessary because jurisdictional requirements rest on facts that can be disputed …").

Here, Noel has made a sufficient preliminary showing of jurisdiction with respect to Paul and Klutch. As set forth in his Amended Petition, Noel was a Texas resident at the time of the parties' initial engagement and discussions giving rise to (a) the parties' relationship, and (b) a substantial portion of Noel's substantive claims. Indeed, Noel was also a Texas resident at the time the parties formalized their relationship with the SPAC. Moreover, it is uncontested that those initial discussions and representations concerned services previously performed and to be performed in Texas, for the Dallas Mavericks, a Texas organization. It is also uncontested that Defendants represented Noel, a Texas resident, when they advised him to ink a single year contract with the Mavericks, from which they derived a percentage of the contract value. Noel then remained in Texas as a resident and performed services in the state for a Texas organization for the following year; the first year of the parties' formal relationship. In addition to the above, there is at least one allegation of Defendants' dealings with another Texas organization, the Houston Rockets, during the term of the parties' relationship.

Noel has reason to believe that additional contacts between Defendants and Texas, both related and unrelated to Defendants' relationship with Noel, would be uncovered through jurisdictional discovery. For instance, additional discovery would allow Noel to establish the nature and extent of Defendants' ongoing contacts with the Dallas Mavericks and other Texas NBA clubs during the course of their relationship with Noel. This would include, among other

things, telephone calls, emails, in-person visits, and other communications with people or entities in the state of Texas, including Noel, the Dallas Mavericks and/or other Texas organizations regarding Noel's contract, contract negotiations, contract offers, endorsement deals, etc.

In addition to their contacts related to the claims in the Amended Petition and Noel, Plaintiff is entitled to discovery regarding jurisdictional facts that may solidify general jurisdiction of Defendants. Among other things, Noel anticipates discovering the nature and scope of Defendants' contacts with the state in the form of its clients and contracts throughout the sports industry. This information is uniquely within Defendants' knowledge, therefore limited discovery is warranted. However, based on public knowledge, Noel is aware of at least the following clients of Defendants with ties to Texas. Given the nature of Defendants' business, Defendants' relationship with the following clients could entail substantial and continuing contacts with the state of Texas:

- Montrezl Harrell - Mr. Harrell played for the Houston Rockets from 2015 through 2017. Upon information and belief, Defendants represented Mr. Harrell throughout his time with the Rockets, which included negotiating and securing contract(s).

- Kai Jones - Mr. Jones played college basketball for the University of Texas and was drafted by the New York Knicks in the 2021 NBA Draft on July 29, 2021. Upon information and belief, Mr. Jones signed with Defendants at least as early as April 23, 2021.

- Jericho Sims - Mr. Sims played college basketball for the University of Texas and was drafted in the 2021 NBA Draft on July 29, 2021. Upon information and belief, Mr. Sims signed with Defendants on June 30, 2021.

- Lonnie Walker IV - Mr. Walker currently plays for the San Antonio Spurs and was drafted by the team on June 21, 2018. Upon information and belief, Mr. Walker signed with Defendants in November, 2020.

- Tyrese Maxey - Mr. Maxey is from Dallas, Texas and played college basketball for the University of Kentucky prior to being drafted on November 18, 2020, by the Philadelphia 76ers. Upon information and belief, Mr. Maxey signed with Defendants as early as April of 2020.

- Jordan Jenkins - Mr. Jenkins signed with the Houston Texans of the NFL on March 29, 2021. Upon information and belief, Mr. Jenkins became a client of Defendants as early as January, 2020.

- Kellen Mond - Mr. Mond played college football at Texas A&M University and was drafted by the Minnesota Vikings on or about May 1, 2021. Upon information and belief, prior to being drafted Mr. Mond signed with Defendants in January of 2021, prior to negotiating a four-year contract with the Vikings in June of that same year.

- Xavier Woods - Mr. Woods played for the Dallas Cowboys from 2017 to March 30, 2021. Upon information and belief, Mr. Woods is/was a client of Defendants as early as January, 2020.

In addition to the above, Noel anticipates that jurisdictional discovery would disclose further contacts with Texas in the form of additional clients, incoming/outgoing communications with the state, travel to the state, the amount of revenue generated as a result of their business activity with and within the state, and the presence of any "offices," employees, independent contractors, and/or other affiliated personnel within the state. Noel simply requests that he be afforded an opportunity to conduct such discovery should the Court be inclined to grant Defendants' Motion in the absence of additional information.

Accordingly, Noel requests the following limited set of discovery solely on the issue of personal jurisdiction:

1. Interrogatories and requests for production to Defendant Paul (draft attached as Exhibit 1);

2. Interrogatories and requests for production to Defendant Klutch (draft attached as Exhibit 2);

3. Deposition of Richard Paul (limited to the issue of personal jurisdiction); and

4. Deposition of a Rule 30(b)(6) corporate representative of Defendant Klutch (limited to the issue of personal jurisdiction).

## CONCLUSION

As described in detail above, limited jurisdictional discovery is appropriate here to ensure that the Court has a full record before it addresses the Motion to Dismiss.  Plaintiff requests that the Court grant this Motion and defer ruling on Defendants' Motion to Dismiss until such time as jurisdictional discovery is completed.

Respectfully submitted,


 /s/ *Brian P. McGraw*

Brian P. McGraw (pro hac vice)
Dennis D. Murrell (pro hac vice to be filed)
Matthew P. Dearmond (pro hac vice to be filed)
MIDDLETON REUTLINGER
401 S. 4th Street, Suite 2600
Louisville, Kentucky 40202
Telephone: (502) 584-1135
Fax: (502) 561-0442
dmurrell@middletonlaw.com
bmcgraw@middletonlaw.com
mdearmond@middletonlaw.com

Craig F. Simon
State Bar No. 00784968
LOEWINSOHN DEARY SIMON RAY LLP
12377 Merit Drive, Suite 900
Dallas, Texas 75251
Telephone: (214) 572-1700
Fax: (214) 572-1717
craigs@ldsrlaw.com

ATTORNEYS FOR PLAINTIFF
NERLENS NOEL

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule 7.1(b), counsel for Plaintiff conferred with counsel for Defendants on November 15, 2021 via email.  Counsel for Defendants confirmed that Defendants oppose the relief sought herein.

 /s/ *Brian P. McGraw*
Brian P. McGraw

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 15th day of November, 2021, a true and correct copy of the foregoing document has been served via e-filing upon all counsel of record.

 /s/ *Craig F. Simon*
Craig F. Simon