IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NERLENS NOEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-2485 |
| | § | |
| RICHARD PAUL and KLUTCH | § | |
| SPORTS GROUP, LLC, | § | |
| | § | |
| Defendants. | § | |

**<u>DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DECLARATION OF RONALD KLEMPNER</u>**

Defendants Richard Paul ("Paul") and Klutch Sports Group, LLC ("KSG" and together with Paul, "Defendants"), subject to and without waiving Defendants' Motion to Dismiss (Dkt. 3), hereby file their Response in Opposition to Plaintiff Nerlens Noel's ("Noel" or "Plaintiff") Motion to Strike Declaration of Ronald Klempner ("Motion to Strike") (Dkt. 11), and respectfully state as follows:[1]

## I.   Introduction

Through his Motion to Strike, Noel seeks to exclude all or, in the alternative, certain paragraphs of, the Declaration of Ronald Klempner ("Klempner Dec."). (Dkt. 4, App. 028-079) However, Noel does not detail his specific objections as required. Additionally, Noel's sole basis for objecting to the Klempner Dec—that it supposedly contains "improper legal conclusions"—is unfounded. Therefore, and as explained below, Noel's Motion to Strike should be denied.

## II.   Relevant Facts[2]

Klempner is the Senior Counsel, Collective Bargaining for the National Basketball Players Association ("NBPA"). (Dkt. 4, App. 028, ¶ 4) The NBPA is the certified labor union representing all active players in the NBA, including Noel. (*Id.*) Since 1993, Klempner has been an attorney at the NBPA, "assisting the union in the drafting, interpretation, and enforcement of the regulations and agreements at issue in this lawsuit," specifically, the NBPA Agent Regulations, the SPAC, and the NBA-NBPA Collective Bargaining Agreement. (*Id.,* ¶ 5) Klempner's role includes working to ensure that all provisions of the aforementioned documents are valid and appropriate and protect the interests of NBA players, including Noel. (*Id.,* ¶ 6) The Klempner Dec. was submitted in connection with Defendants' Motion to Dismiss. (Dkt. 3) Neither Klempner nor the

---

[1] Capitalized terms used but not defined herein shall have the respective meanings set forth in Defendants' Motion to Dismiss and Brief in Support Thereof ("Motion to Dismiss") (Dkt. 3).

[2] The factual background of the underlying dispute between Plaintiff and Defendants is set forth in Defendants' Motion to Dismiss, and therefore is not repeated in this Response. *See* Dkt. 3, pp. 2-10.

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DECLARATION OF RONALD KLEMPNER – PAGE 1**

NBPA are parties to this lawsuit. While Klempner and the NBPA represent the interests of Noel and all other NBA players, they do not represent the interests of the Defendants in any capacity whatsoever. The Klempner Dec. provides highly relevant factual background information regarding the NBPA, its role in representing the interests of NBA players, the NBPA Agent Regulations, the SPAC, and the NBA-NBPA Collective Bargaining Agreement, as well as the views of the NBPA (Noel's own union) as to the intersection of the applicable agreements, regulations, and this litigation.

### III.  Argument

Noel has asked this Court to strike the Klempner Dec. in its entirety "as it is nothing more than a series of improper and inadmissible legal conclusions." (Dkt. 11, p. 3) In the alternative, Noel "requests that the objectionable portions of declaration [sic] should be stricken, in particular, paragraphs 18, 20, and 27-30, as improper and inadmissible legal conclusions." (Dkt. 11, p. 3) Other than these broad assertions, the Motion to Strike provides no further analysis or information as to which specific statements Noel believes should be stricken, or why said statements are improper. This is fatal to Noel's objection. Moreover, even if Noel had properly articulated the basis for his objection, which he has not, none of the paragraphs of the Klempner Dec. are legal conclusions.

The Court "is not required to review large quanta of evidence to ferret out inadmissible statements. Rather, Federal Rule of Evidence 103(a)(1) requires an objecting party to make ***specific objections*** detailing the ***specific evidence*** the party wishes to have stricken and stating the ***specific grounds*** upon which each piece of evidence should be stricken. Objections lacking specificity do not satisfy the requirements of Rule 103." *Tucker v. SAS Institute, Inc.,* 462 F.Supp.2d 715, 722 (N.D.Tex.2006) (internal citations omitted) (emphasis added); *see also*

*Gilmour v. Intertek USA, Inc.,* No. 3:16-CV-00266, 2018 WL 3059682, at *2 (S.D. Tex. May 30, 2018), report and recommendation adopted, No. 3:16-CV-00266, 2018 WL 3055749 (S.D. Tex. Jun. 20, 2018) (*quoting Martinez v. Ford Motor Co.,* No. SA:14-CV-376-DAE, 2014 WL 6680521, at *2 (W.D. Tex. Nov. 25, 2014)) ("Because Gilmour has offered only 'a broad statement that ... [the] affidavit is conclusory,' the Court 'finds that [his] objection is not specific enough to pass muster under Federal Rule of Evidence 103(a)(1)(B).'"); *Shepherd v. Dallas County,* 2008 WL 656889, at *6 (N.D. Tex. Mar. 6, 2008) (overruling objections because the movant failed to point to inadmissible components). Stating the obvious, broadly labelling a 30-paragraph declaration as "nothing more than" "inadmissible legal conclusions"—without providing specific objections to specific statements and the grounds for striking each such statement—falls far short of meeting these requirements, and the Motion to Strike should be denied on that basis alone.

Moreover, even a cursory review of the Klempner Dec. shows that the majority of Klempner's statements are undisputed facts (¶¶ 1-26, 28), and the remainder contain the position of the NBPA, Noel's own union (¶¶ 27, 29-30). None of the paragraphs listed by Noel (¶¶18, 20, and 27-30) contain "inadmissible legal conclusions" as Noel would have the Court believe. Rather, they contain reasoned analysis of the SPAC—one of the numerous documents the NBPA established with an interest towards protecting all NBA players and that Noel is bound by—which Noel is now seeking to invalidate in this Court.

Paragraphs 27 and 29 offer the NBPA's position that this lawsuit "is subject to mandatory and exclusive arbitration in accordance with the NBPA Regulations" and explains why the NBPA holds that view. (App. 033-034, ¶¶ 27, 29) Paragraph 30 offers the NBPA's position regarding the appropriateness of the timeframe for filing grievances under the SPAC. (App. 034, ¶ 30) In his nearly 30 years with the NBPA, Klempner has been personally involved with "drafting,

interpretation, and enforcement of the regulations and agreements at issue in this lawsuit" with an eye towards "advocating for the best interests of [NBA] players." (Dkt. 4, App. 028, ¶¶ 5-6) Klempner is intimately familiar with the "extremely broad" "scope of arbitration" and time limitations that have been in place for over 35 years. (Dkt. 4, App. 031, 035, ¶¶ 21, 30) Klempner does not seek to provide an ultimate conclusion; rather, he explains the complicated relationship between the NBPA, Player Agents, NBA players, NBPA Agent Regulations, SPAC, and the NBA-NBPA Collective Bargaining Agreement. *See, e.g., Citizens State Bank v. Leslie,* 2020 WL 1065724, at *3 (W.D. Tex. Mar. 5, 2020) (finding that affidavit did not contain inadmissible legal conclusions where affiant merely "explained complicated business relationship" between certain parties). Klempner's assertion, on behalf of the NBPA, that the arbitration provision is valid and that this lawsuit is subject to mandatory arbitration, is not a command or a legal conclusion. It is merely the view of the NBPA—***who, incidentally, are the drafters of the arbitration provision at issue and the union representatives of Noel.***

In paragraphs 18 and 20, Klempner offers relevant factual statements about the role of arbitration in managing the relationship between NBA players and Player Agents. Paragraph 28 sets forth facts describing the causes of action at issue in this lawsuit, and demonstrates how these causes of action relate to the SPAC between Noel and Paul. None of the statements in paragraphs 18, 20, or 28 are legal conclusions, and indeed Noel points to no specific legal conclusions within these paragraphs.

Noel vaguely argues (without pointing to any specific statement or paragraph) that the Klempner Dec. is "conclusory" and "self-serving." (Dkt. 11, p. 1) However, it is undisputed that Klempner and the NBPA represent the interests of Noel and all NBA players. (Dkt. 4, App. 028-029, ¶¶ 4, 6) They most certainly do not represent the interests of Player Agents such as defendant

Paul or sports agencies such as defendant KSG. It is simply absurd to state that Defendants are attempting to offer a "self-serving" declaration from Plaintiff's own union representative. Similarly, Klempner and the NPBA cannot offer a "self-serving" declaration for their own benefit, as they are not parties to this lawsuit.

Noel also states that the Court should disregard Klempner's assertion regarding the breadth of the SPAC's arbitration provision, because Noel's "other claims" fall outside the scope of the provision. (Dkt. 11, p. 2) Putting aside the fact that Noel does not state what "other claims" are supposedly outside the scope of the parties' arbitration provision, this is nonsensical. Noel's arbitration grievance and state court petition are nearly identical. Noel has asserted the following claims against Paul in both the arbitration and this lawsuit: breach of fiduciary duty; breach of contract; negligence and gross negligence; breach of the duty of good faith and fair dealing. (*Compare* Dkt. 4, App. 010-016 to Dkt. 1-4, Plaintiff's First Amended Petition)

Noel additionally claims the Klempner Dec. merely contains Klempner's "own interpretation of the arbitration provision." (Dkt. 11, p. 2) Klempner has been an attorney with the NBPA since before Noel was born. During that time he has "assist[ed] the union in the drafting, interpretation, and enforcement of the regulations and agreements at issue in this lawsuit." (Dkt. 4, App. 028, ¶ 5) Yet despite that, Noel dismissively refers to Klempner's statements as an "exercise in contractual interpretation" as if Klempner has no experience or qualifications relating to this issue. Klempner is far from a lay-person, unfamiliar with the documents or issues in question. Klempner's role includes working to ensure that all provisions of the aforementioned documents are valid and appropriate and protect the interests of players, such as Noel. (Dkt. 4, App. 028-029, ¶¶ 5-6)

IV. **Conclusion**

Noel has not met his burden of providing "specific objections" detailing "specific evidence" he wishes to have stricken, and stating "specific grounds" for striking the same. Moreover, none of the statements in the Klempner Dec. are improper legal conclusions. Therefore, Defendants respectfully request that this Court deny Plaintiff's Motion to Strike (Dkt. 11). Defendants also request such other and further relief which this Court deems to be appropriate.

Date: December 6, 2021

Respectfully Submitted,

*/s/ Ann Marie Arcadi*
Ann Marie Arcadi (SBN 00786994)
annmarie.arcadi@arcadijackson.com
Seema Tendolkar (SBN 24053509)
seema.tendolkar@arcadijackson.com
John M. Farrell (SBN 24059735)
john.farrell@arcadijackson.com
ARCADI JACKSON, LLP
2911 Turtle Creek Blvd., Suite 800
Dallas, Texas 75219
Telephone: 214-865-6458
Facsimile: 214-865-6522

*Attorneys for Defendants Richard Paul and Klutch Sports Group, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of December, 2021, I electronically filed the foregoing with the Clerk of the Court by using its CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Ann Marie Arcadi*
Ann Marie Arcadi