IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NERLENS NOEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-2485 |
| | § | |
| RICHARD PAUL and KLUTCH | § | |
| SPORTS GROUP, LLC, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Defendants Richard Paul ("Paul") and Klutch Sports Group, LLC ("KSG" and together with Paul, "Defendants"), subject to and without waiving Defendants' Motion to Dismiss (Dkt. 3), hereby file their (i) Response in Opposition to Plaintiff Nerlens Noel's ("Noel" or "Plaintiff") Motion for Jurisdictional Discovery and Brief in Support ("Motion") (Dkt. 12) and (ii) Motion for Attorneys' Fees, and respectfully state as follows:[1]

## I.   Introduction

On October 18, 2021, Defendants filed a Motion to Dismiss (Dkt. 3), asking the Court to dismiss this lawsuit for two independent reasons, *first,* because of the pending arbitration and express arbitration agreement between Noel and Paul, which encompasses all claims asserted in this lawsuit, and, *second,* in the alternative, because there are no jurisdictional bases to sustain Noel's claims against either of the Defendants in Texas. Since filing this lawsuit—and despite requesting and receiving an extension of time to respond to the Motion to Dismiss—Noel chose not to ask for any information from Defendants, chose not to serve any written discovery, chose not to request any documents, chose not to request a deposition, and chose not to seek information from any third parties, including from his own union, the National Basketball Players Association ("NBPA"). Rather, one month after the Motion to Dismiss was filed, and just hours before filing his Opposition to the Motion to Dismiss (Dkt. 9), Noel informed Defendants that he would be filing a motion for jurisdictional discovery, providing no information as to what information he sought or why such information would be relevant to the pending issues.

Simply put, there is no justification for jurisdictional discovery here. Noel has not made the required preliminary showing of jurisdiction in order to obtain discovery. In fact, he does not provide a single factual statement that would support jurisdiction over either of the Defendants.

---

[1] Capitalized terms used but not defined herein shall have the respective meanings set forth in Defendants' Motion to Dismiss and Brief in Support Thereof ("Motion to Dismiss") (Dkt. 3).

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND DEFENDANTS' MOTION FOR ATTORNEYS' FEES – PAGE 1**

He has not articulated a factual dispute that discovery could help resolve. Noel has not shown that his proposed discovery even requests information that would enable him to withstand Defendants' Motion to Dismiss, let alone that his proposed discovery is likely to produce such facts, as is required. In short, Noel's request for jurisdictional discovery is clearly a fishing expedition and delay tactic. It would be unjust for this Court to require nonresident defendants Paul and KSG to participate in discovery under these circumstances, let alone to require Defendants to provide the confidential and irrelevant contractual and financial discovery that Noel hopes to obtain. Noel's position essentially boils down to an argument that every defendant sued in Texas is simply subject to jurisdictional discovery. Noel is wrong.

Finally, Noel sued two out-of-state Defendants with no jurisdictional ties to Texas (while simultaneously filing an arbitration grievance with nearly identical claims against Paul), made no effort to obtain jurisdictional information for several months, and made a last-minute motion for discovery without ample time to confer and without, to date, articulating the basis for any of his requests. Noel's requests are so broad and irrelevant that he cannot with a straight face claim their legitimacy. As such, Noel should be required to reimburse Defendants for the amount of attorneys' fees incurred by them in responding to the Motion.

## II.     Relevant Facts

Noel is a professional basketball player and plays for the New York Knicks. Paul is a Player Agent certified by the NBPA. The NBPA is the sole, exclusive bargaining representative, duly elected in accordance with the National Labor Relations Act ("NLRA"), of all active players in the NBA, including Noel. The NBPA's function is to advocate for the best interests of NBA players, including Noel. The NBPA does not represent the interests of Player Agents such as Paul.

Paul represented Noel as a Player Agent from August 21, 2017 through December 19, 2020. (Dkt. 4, App. 002, ¶ 14) In connection with this representation, Paul and Noel entered into a Standard Player Agent Contract ("SPAC"). (*Id.*) The SPAC is a standard form contract and incorporates by reference certain provisions of the NBPA Agent Regulations. Both the SPAC and the NBPA Agent Regulations were prepared by the NBPA and adopted by the NBPA's Board of Player Representatives. (Dkt. 4, App. 030-031, ¶¶ 15-16)

Since 1986, NBA players have collectively determined to put in place a comprehensive system to regulate Player Agents, which system includes an exclusive arbitration framework for the resolution of any and all disputes that may arise from "the interpretation, application or enforcement" of both the NBPA Agent Regulations and SPACs between Player Agents and individual players. (Dkt. 4, App. 068, App. 031, ¶ 17) In accordance therewith, since 1986, all SPACs between NBA players and their Player Agents include a provision requiring arbitration as the exclusive dispute resolution mechanism. (*Id.*) The SPAC between Paul and Noel is no different, and, like thousands of other SPACs executed by NBA players and Player Agents, incorporates by reference Section 5 of the NBPA Agent Regulations, which sets forth a comprehensive arbitration framework for resolving disputes. (Dkt. 4, App. 007, ¶ 7) The NBPA—Noel's own union—unilaterally drafted the SPAC and the NBPA Agent Regulations. Paul did not.

According to the Petition, in February 2017, Noel was traded to the Dallas Mavericks, and was represented by Player Agent Happy Walters, and shortly thereafter, Noel became a free agent. (Dkt. 1-4, p. 3) Noel also alleges that the Dallas Mavericks offered him a contract for 4-years at $70 million. (*Id.*) Noel further alleges that he chose not to accept that contract, and he was not represented by Paul at that time. (*Id.*) Later in the summer of 2017, Noel alleges that he met Paul at a party in California. (*Id.*) Noel states that he terminated his contract with Happy Walters, and

entered into the SPAC with Paul on August 21, 2017. (*Id.,* p. 5) Per the Petition, two days later, Noel accepted a qualifying offer with the Dallas Mavericks for one year for $4.1 million, for the 2017/2018 season, which offer had been previously presented to Noel. (*Id.*) Noel states that he signed with the Oklahoma City Thunder for the 2018/2019 and 2019/2020 seasons, and the New York Knicks on November 25, 2020. (*Id.* at pp. 7-10) It is undisputed that Paul unilaterally terminated the SPAC with Noel on December 19, 2020. (Dkt. 4, App. 002, ¶ 14)

This dispute arose because Noel failed to pay Paul a commission as required by the SPAC in connection with Noel's contract with the New York Knicks, despite multiple written requests and clear contractual language regarding the same. As such, on August 3, 2021, Paul initiated an NBPA arbitration against Noel, as required by the SPAC. On August 23, 2021, Noel responded to Paul's arbitration grievance, and initiated an NBPA arbitration grievance against Paul for breach of fiduciary duty, breach of contract, negligence and gross negligence, and breach of the duty of good faith and fair dealing. The arbitration is currently pending before Hon Richard Levie (Ret.), in the matter entitled *Rich Paul v. Nerlens Noel,* JAMS Ref. No. 1410009056. Meanwhile, also on August 23, 2021, Noel filed the Original Petition in this matter in state court, asserting claims against Paul identical to those asserted in the pending arbitration, asserting overlapping claims against KSG, and also seeking a declaratory judgment invalidating Section 7 of the SPAC (requiring arbitration). This lawsuit was subsequently removed to this Court.

On October 18, 2021, Defendants filed their Motion to Dismiss (Dkt. 3), asking this Court to dismiss this lawsuit under Rule 12(b)(3) and compel the matter to arbitration, or, in the alternative, dismiss this lawsuit under Rule 12(b)(2) for lack of personal jurisdiction. Noel asked for, and received, an extension of time to respond to the Motion to Dismiss, to which Defendants agreed. (Dkt. 7) On November 15, 2021, Noel filed an Opposition to Defendants' Motion to

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND DEFENDANTS' MOTION FOR ATTORNEYS' FEES** – PAGE 4

Dismiss ("Opposition") (Dkt. 9), and also filed the Motion (Dkt. 12), asking this Court to compel Defendants to participate in jurisdictional discovery. At no point prior to November 15, 2021 did Noel ever request, seek, or even mention the possibility of jurisdictional discovery from or relating to Defendants.

As is clear from his Petition (Dkt. 1-4), Opposition (Dkt. 9), Motion (Dkt. 12), and Declaration (Dkt. 10, App. 1-5), Noel has no facts to support personal jurisdiction in Texas over either Paul or KSG. Furthermore, the declaration previously submitted by Paul (Dkt. 4, App. 001-004) guts any jurisdictional claim by Noel.

### III.   Noel Is Not Entitled to Jurisdictional Discovery[2]

Contrary to Plaintiff's apparent belief, simply suing Defendants in Texas does not entitle him to jurisdictional discovery. Rather, the decision of whether or not to permit jurisdictional discovery is within the discretion of the trial court. *Fielding v. Hubert Burda Media, Inc.,* 415 F.3d 419, 419 (5th Cir. 2005). And the "party opposing dismissal and requesting discovery" has the "burden of demonstrating the necessity of discovery." *Davila v. United States,* 713 F.3d 248, 264 (5th Cir. 2013). To be clear, "[w]hen a plaintiff requests discovery on personal jurisdiction facts, it must make a 'preliminary showing of jurisdiction.'" *Bar Group, LLC v. Business Intelligence Advisors, Inc.,* 215 F.Supp.3d 524, 545 (S.D. Tex. 2017) (citations omitted); *see also Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir. 2003) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts... the plaintiff's right to conduct jurisdictional discovery should be sustained."). When the requested jurisdictional discovery is unlikely to produce facts needed to withstand a motion to

---

[2] Plaintiff's Motion is not ripe at this time. Indeed, the Court need not consider Plaintiff's Motion until after Defendants' Motion to Dismiss this action under Rule 12(b)(3) and compel the matter to arbitration is resolved, and then only if this matter is not compelled to arbitration.

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND DEFENDANTS' MOTION FOR ATTORNEYS' FEES** – PAGE 5

dismiss, a plaintiff is not entitled to jurisdictional discovery. *Monkton Ins. Services, Lt. v. Ritter,* 768 F. 3d 429, 433 (5th Cir. 2014) (citing *Freeman v. United States,* 556 F.3d 326, 342 (5th Cir.2009)). Indeed when "the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt v. Kaplan,* 686 F.2d 276, 284 (5th Cir. 1982) (citations omitted).

Moreover, jurisdictional discovery "need not be permitted unless the motion to dismiss raises issues of fact." *Bar Group, LLC.* 215 F.Supp.3d at 545. "A court may also deny jurisdictional discovery where the plaintiff only offers speculation as to jurisdiction" and "is waging a 'fishing expedition' into jurisdictional facts." *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Europe GmbH,* Civ. A. No. 3:14-CV-3300-B, 2015 WL 12731761, *6 (N.D. Tex. July 9, 2015) ("When seeking discovery on personal jurisdiction, a plaintiff must make a 'preliminary showing of jurisdiction' before being entitled to such discovery.") (citations omitted); *see also Shine Bros. Corp. v. American Intern. Group, Inc.,* 108 F.Supp. 3d 651, 676-77 (N.D.Iowa 2015) (when a plaintiff offers "only speculation or conclusory assertions," and does not offer "documentary evidence" regarding jurisdictional facts, a court is within its discretion in denying jurisdictional discovery).

As explained below, Noel falls far short of meeting the requirements to obtain jurisdictional discovery here, and his Motion should be denied.

    A.    <u>Discovery Regarding Specific Jurisdiction Is Unwarranted</u>

Noel's request for discovery regarding specific jurisdiction must be denied, because he has not alleged sufficient facts to support specific jurisdiction. During the term of the SPAC, Noel resided in Texas, New York, and for the most part, Oklahoma. It appears that this lawsuit's only tie to Texas is that Noel lived in Dallas and played for the Dallas Mavericks between August 23,

2017 (when the SPAC with signed) and July 1, 2018 (when he signed with the Oklahoma City Thunder). The sum total of the jurisdictional allegations in the Petition is that Noel and Paul entered into the SPAC while Noel resided in Texas. This allegation is insufficient to obtain jurisdictional discovery. *See, e.g., Evergreen Media Holdings, LLC v. Safran Co.,* 68 F.Supp. 3d 664, 683 (S.D. Tex. 2014) (granting motion to dismiss for lack of personal jurisdiction and denying motion to compel jurisdictional discovery and stating "the mere fact that a nonresident defendant enters into a contract with a Texas resident plaintiff does not, by itself, support the exercise of personal jurisdiction by a Texas court over the nonresident").

Noel's Petition does not allege (i) that Defendants met with Noel, the Dallas Mavericks, or any other team or entity on Noel's behalf in Texas, (ii) that Defendants directed any activities towards any Texas team or entity, including but not limited to the Dallas Mavericks, or (iii) that Noel even asked Defendants to contact or work with any Texas team or entity.[3] Noel also does not allege that Defendants engaged in any action or inaction in Texas. Additionally, Noel does not dispute any facts in Paul's sworn declaration, including the fact that neither Paul nor anyone affiliated with KSG traveled to Texas to meet with the Dallas Mavericks, Noel, or otherwise, in connection with the SPAC or Paul's representation of Noel. (Dkt. 4, App. 001-004) No discovery would be needed for Noel to make any of the aforementioned assertions.

Noel's Declaration (Dkt. 10, App. 1-5) fares no better. There, Noel asserts that he communicated with Defendants while he resided in Texas. (Dkt. 10, App. 2-3, ¶¶ 14, 18-19) Noel does not allege that Paul or any representative of KSG was in Texas during said communications, or even that Noel himself was in Texas during such communications. Noel also asserts that "representatives" of KSG watched Dallas Mavericks games in which Noel played. (Dkt. 10 at App.

---

[3] Similarly, Noel's Declaration (Dkt. 10, App. 1-5) makes no such allegations.

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND DEFENDANTS' MOTION FOR ATTORNEYS' FEES** – PAGE 7

3, ¶ 15) Noel does not allege that he spoke to or interacted with any such KSG representatives before, during, or after such games, and does not even state that such KSG representatives went to such games in their professional capacities (as opposed to for leisure). In short, Noel raises no issue of fact, points to no discovery dispute, and fails to make a preliminary showing of specific jurisdiction as required to obtain discovery regarding the same. *Bar Group,* 215 F.Supp.3d at 545.

Additionally, Noel's discovery requests will not resolve the issues presented. To support specific jurisdiction, he seeks only the following: (i) communications from Defendants to teams in Texas regarding Noel (Dkt. 12-1, RFP 3; Dkt. 12-2, RFP 3) and (ii) the identification of all occasions in which Defendants traveled to Texas to perform any services on behalf of Noel (Dkt. 12-1, Rog. 6; Dkt. 12-2, Rog. 6). With respect to the latter, Paul has already submitted a sworn declaration to this Court verifying that neither Paul nor anyone associated with KSG travelled to Texas to meet with representatives of the Dallas Mavericks, Noel, or otherwise, in connection with the SPAC or Paul's representation of Noel. (Dkt. 4, App. 002, ¶¶ 17, 23) Noel has not disputed these assertions. No further discovery is needed, and none is available.

With respect to the former, Noel's requests are puzzling. Far from claiming that Defendants directed sufficient activities at the State of Texas that would give rise to specific jurisdiction, Noel's entire lawsuit and arbitration grievance are based on his assertion that Defendants did not do enough work on his behalf. To this end, the Petition alleges that (i) Noel and Paul met in California, (ii) Noel and Paul executed the SPAC on August 21, 2017,[4] (iii) two days later, Paul advised Noel to proceed with signing a one-year offer with the Dallas Mavericks, which offer had been presented to Noel well before the SPAC was signed, (iv) thereafter, Defendants lost interest in Noel as a client and did not present "any real proposals to Noel," and (v) thanks to his own

---

[4] It is undisputed that neither Paul nor Noel executed the SPAC in Texas. (Dkt 4, App. 002, ¶ 16)

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND DEFENDANTS' MOTION FOR ATTORNEYS' FEES – PAGE 8**

efforts and the efforts of his friends, Noel obtained his next contract, which was with the Oklahoma City Thunder. (Dkt. 1-4, pp. 4-7) Noel's own allegations, which must be accepted as true at this juncture, do not show that Defendants ever directed activities towards Texas or participated in activities in Texas.

Moreover, even if Defendants had communicated with "any professional sports team located in Texas and pertaining to Noel," (Dkt. 12-1, RFP 3; Dkt. 12-2, RFP 3) as Noel's requests seek, such communications would not give rise to specific jurisdiction (or general jurisdiction, which is discussed below).[5] Carrying out a contract with a Texas resident does not establish specific jurisdiction. *See, e.g., Evergreen Media,* 68 F.Supp. 3d at 683 ("communications (including emails and telephone calls) in developing or carrying out [a contract with a Texas resident do not] constitute adequate purposeful availment of the benefits and protection of Texas law.") (citations omitted); *see also SMK Painting Co. v. Flournoy Constr. Co., LLC,* No. Civ. A. 3:99–CV–0916–G, 1999 WL 1017779, at *4 (N.D.Tex. Nov. 8, 1999) ("The Fifth Circuit has held that negotiating, executing, and even partially performing an isolated contract with a resident of the forum will not, without more, constitute the minimum contacts necessary to confer jurisdiction."). It is uncontroverted that any conduct or lack of conduct by Defendants did not take place in Texas, and therefore any claim of specific jurisdiction over Defendants fails.

Discovery regarding the sole topic of communications from Defendants to teams in Texas regarding Noel simply cannot establish specific jurisdiction over Defendants. Here, "the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Wyatt,* 686 F.2d at 284 (citations omitted). Plaintiff should not be permitted to drag two non-

---

[5] It is noteworthy that Noel does not allege that he exercised diligence by searching his own records or files for any such communications that may have been forwarded to him or that he was copied on. Noel also does not even allege that he asked Defendants to communicate with or is aware of Defendants communicating with "any professional sports team located in Texas."

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND DEFENDANTS' MOTION FOR ATTORNEYS' FEES – PAGE 9**

residents into a Texas lawsuit and then submit them to the burden and expense of engaging in jurisdictional discovery without meeting the requirements for the same under Texas law.

B. Discovery Regarding General Jurisdiction Is Unwarranted

The balance and bulk of Noel's requests seek information in support of general jurisdiction. But Noel does not even bother addressing the issue of general jurisdiction in his Petition (Dkt. 1-4) or Opposition. (Dkt. 9) Rather, he states that he "believes that jurisdictional discovery will reveal the true extent of Defendants' activities contacts in Texas, including the number of clients under Texas contracts, performing services in Texas, and the amount of money Defendants have generated through these contracts and business relationships." (Dkt. 9 at p. 26, fn 6) This is woefully inadequate. Noel has not advanced any facts at all to show that Defendants' contacts with Texas are continuous and systematic enough to render Defendants "at home" in Texas. *Monkton,* 768 F.3d at 432, 434. Therefore, he is not entitled to discovery to support general jurisdiction. *Bar Group,* 215 F.Supp.3d at 545. Additionally, Noel's requested discovery would not produce facts needed to withstand Defendants' Motion to Dismiss.

There are no issues of facts raised in the Petition, Defendants' Motion to Dismiss, Noel's Declaration, or disputed by Noel that warrant discovery. It is undisputed that Paul has never lived in Texas, never attended school in Texas, never been employed in Texas, has never owned or leased property in Texas, has never maintained a bank account, office, address, or phone number in Texas. (Dkt. 4, App. 001-002) It is also undisputed that KSG is a California based limited liability company that has no members based in Texas, has never owned or leased property in Texas, and has never maintained a bank account, office, address, or phone number in Texas. (Dkt. 4, App. 001-002) Further, KSG is not a party to the SPAC. (Dkt 4, App. 005-008) KSG has one

employee in Texas, who is a football agent, and who works from home. (Dkt. 4, App. 003) Noel does not, and cannot, dispute these facts, which have been established by a sworn declaration.

Noel's proposed discovery requests are a quintessential fishing expedition. Noel seeks sweeping confidential (and largely irrelevant) information from Defendants, including (i) the identity of all current and former clients who play for professional sports teams in Texas, and all contracts with the same, (ii) the identity of all KSG employees who play a role in the representation of such clients, (iii) the total revenue received by Defendants from said clients and documents showing the same, (iv) the occasions in which Paul or any KSG employee, agent, or representative travelled to Texas to perform any services/work at all, (v) the amount that Paul and every single KSG employee, agent, and representative travels professionally in any given year, in terms of frequency and mileage, (vi) taxes paid to Texas, and (vii) endorsement deals obtained for Defendants' clients from parties located in Texas. Apparently not satisfied with Paul's Declaration, Noel also seeks information regarding KSG offices in Texas (none) and occasions on which Paul or any KSG representative travelled to Texas to perform work on behalf of Noel (also none). (Dkt. 4, App. 001-002, ¶¶ 17, 20-21, 23) Noel has articulated no facts to support a "preliminary showing" of jurisdiction that would warrant further exploration or discovery. *Bar Group,* 215 F.Supp.3d at 545.

Additionally, the requested discovery will not save Noel's moribund general jurisdictional claim. Noel has not described what facts he expects to discover or how such facts can support general jurisdiction. Other than a handful of alleged contracts with unrelated athletes (that Noel is not even sure whether either or both of the Defendants entered into, and which allegations by Noel are unverified), the Motion does not link Defendants to Texas. The Petition, of course, contains no allegations that support general jurisdiction. This is simply insufficient to compel jurisdictional

discovery. *See, e.g., Evergreen Media,* 68 F.Supp. 3d at 683 (granting motion to dismiss for lack of personal jurisdiction and denying motion to compel jurisdictional discovery where plaintiffs failed to make a *prima facie* case of personal jurisdiction, failed to describe "what facts they expect to discover and how that information would support jurisdiction," and "only vaguely pointed to possible previous agreements with two Texas residents…who are unrelated to this litigation.").

Importantly, even if Defendants had multiple Texas-based clients and received significant sums from such relationships, this would still be insufficient to establish general jurisdiction (and would also be irrelevant to establishing specific jurisdiction). The U.S. Supreme Court has "observed that the proper consideration when determining general jurisdiction is whether the defendant's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Monkton,* 768 F.3d 429, 432, 434 (quoting *Daimler AG v. Bauman,* 134 S.Ct. 746, 761 (2014)). Paul's affidavit negates that either he or KSG are "at home" in Texas. (Dkt. 4, App. 001-004) Moreover, with respect to KSG, it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton,* 768 F.3d at 432 (citations omitted). Merely doing business with Texas businesses or Texas clients will not subject an out-of-state defendant to general jurisdiction, if the defendant does not have a lasting presence in Texas. *See, e.g., Access Telecom, Inc. v. MCI Telecommunications Corp.,* 197 F.3d 694, 717 (5th Cir. 1999) (holding that defendant Telemex did business "with" Texas but not "in" Texas and there was no general jurisdiction in Texas over Telemex despite "numerous" contacts, including that Telemex had leased telephone circuits between Texas and Arizona, interconnected lines in El Paso and McAllen, leased real property in Texas, paid taxes to Texas, contracted to warehouse 75,000 telephone poles in Laredo, and obtained millions of dollars a month in revenues from Texas carriers); *Monkton,* 768 F.3d at 434

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND DEFENDANTS' MOTION FOR ATTORNEYS' FEES** – PAGE 12

(affirming the district court's denial of motion for jurisdictional discovery and granting of motion to dismiss for lack of personal jurisdiction, and noting that "further evidence" of communications with Texas residents "would not be enough to show that [nonresident defendant] is 'at home' in Texas" and "[m]ore evidence of wire transfers, phone calls, or other… customers with a tie to Texas will not establish jurisdiction."); *Locke v. Ethicon Inc.,* No. 4:14–CV–2648, 2014 WL 5819824, *4 (S.D.Tex. Nov. 10, 2014) (finding that, despite the fact that defendants' earned over $18 million from sales in Texas as compared to $10 million from sales in their home state of New Jersey, "neither defendant's affiliations with Texas are sufficient because neither is incorporated in Texas and neither defendant maintains its principal corporate office there. There is no dispute that the defendants are New Jersey corporations who are physically headquartered in New Jersey. The defendants are therefore 'at home' in New Jersey and not in Texas.")

Noel has not (i) pled any facts to support general jurisdiction, (ii) alleged there is any factual dispute, (iii) controverted Paul's sworn declaration, or (iv) set forth any cognizable theory under which general jurisdiction could be found. Additionally, none of Noel's requested discovery would support jurisdiction over non-resident defendants Paul and KSG. As such, he is not entitled to jurisdictional discovery.

## IV.     Defendants' Motion for Attorneys' Fees

Defendants move this Court to award Defendants reasonable attorneys' fees incurred in connection with responding to Noel's Motion under Rule 11. Noel frivolously filed this lawsuit while simultaneously initiating an arbitration grievance against defendant Paul containing nearly identical causes of action and facts. (Dkt. 1-3, Dkt. 1-4) Noel asserted no basis for jurisdictions over Defendants in this lawsuit and made no attempt to seek or obtain jurisdictional information before filing his suit, or even between August 23, 2021 and November 15, 2021. After receiving an extension to respond to Defendants' Motion to Dismiss, and just hours before filing his

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY AND DEFENDANTS' MOTION FOR ATTORNEYS' FEES** – PAGE 13

Opposition (Dkt. 9) and his Motion (Dkt. 12), Noel for the first time claimed he needed jurisdictional discovery and would be filing a motion regarding the same contemporaneously. Noel exercised no diligence in seeking jurisdictional information, Noel provided Defendants with no reasonable opportunity to confer, and Noel's requests themselves are so weak and tangential to the subject matter of jurisdiction that they cannot possibly have been submitted for a legitimate purposes. This is precisely the type of conduct that Rule 11 seeks to deter. Defendants' therefore move this Court to award Defendants reasonable attorneys' fees incurred in responding to the Motion.

### V.     Conclusion

For the reasons set forth above, Defendants respectfully request that this Court deny Plaintiff's Motion for Jurisdictional Discovery (Dkt. 12). Defendants further request this Court award Defendants reasonable attorneys' fees incurred with responding to Plaintiff's Motion. Defendants also request such other and further relief which this Court deems to be appropriate.

*[Signatures to Follow]*

Date: December 6, 2021                                    Respectfully Submitted,

                                                                    */s/ Ann Marie Arcadi*
                                                                      Ann Marie Arcadi (SBN 00786994)
annmarie.arcadi@arcadijackson.com
Seema Tendolkar (SBN 24053509)
seema.tendolkar@arcadijackson.com
John M. Farrell (SBN 24059735)
john.farrell@arcadijackson.com
ARCADI JACKSON, LLP
2911 Turtle Creek Blvd., Suite 800
Dallas, Texas 75219
Telephone: 214-865-6458
Facsimile: 214-865-6522

*Attorneys for Defendants Richard Paul and Klutch Sports Group, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 6th day of December, 2021, I electronically filed the foregoing with the Clerk of the Court by using its CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                                                      */s/ Ann Marie Arcadi*
                                                                      Ann Marie Arcadi