UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NERLENS NOEL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:21-cv-2485 |
| § | |
| RICHARD PAUL and KLUTCH § | |
| SPORTS GROUP, LLC, § | |
| § | |
| Defendants. § | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO STRIKE THE
DECLARATION OF RON KLEMPNER**

Plaintiff, Nerlens Noel ("Noel" or "Plaintiff"), and for his reply in support of his motion (DKT. 11) to strike the Declaration of Ron Klempner (Dkt. 4, Ex. B, App. 028-35), submitted in support of the Motion to Dismiss filed by Defendants, Richard Paul ("Paul") and Klutch Sports Group ("Klutch") (collectively "Defendants"), states as follows:

**ARGUMENT**

Defendants would have this Court believe that Plaintiff, through this lawsuit, is trying to invalidate the entirety of the NBPA Regulations and/or the Standard Player Agent Contracts (or "SPACs") entered between every NBA player and their respective agent. However, the reality is that the primary question before the Court in the context of the present motion to dismiss and compel arbitration (aside from issue of personal jurisdiction), is whether a 30-day statute of limitations provision contained in the NBPA Regulations governing arbitration under a SPAC is invalid and unenforceable <u>as applied to this case</u>. In making their overstated arguments, Defendants believe this Court has neither the authority nor the qualifications to decide upon any issue that "touches upon" the relationship between a professional basketball player and his agent

1

because such decisions should be reserved exclusively for those with knowledge of "the law of the shop [the NBA]" (such as the NBPA appointed arbitrator or lawyers for the NBPA or Defendants). But that is not the law. This Court has the authority to rule upon a question of arbitrability. And, this Court is most certainly qualified to do so.[1]

The critical arbitrability question before the Court is whether the NBPA's 30-day statute of limitations provision is enforceable as against Mr. Noel in this case. To support their motion to dismiss and, specifically, their argument that the 30-day provision *is* enforceable and should bar Plaintiff's claims, Defendants submitted the declaration of Mr. Ronald Klempner. Mr. Klempner is the Senior Counsel, Collective Bargaining for the National Basketball Players Association ("NBPA") and has been an attorney with the NBPA for eighteen (18) years. While Mr. Klempner does provide some background on the NBPA and its regulations, ultimately, his declaration is designed solely to support Defendants' legal argument that (1) this case should be in arbitration; (2) the NBPA 30-day statute of limitations provisions is enforceable as to Mr. Noel; and (3) the question of whether the 30-day provision is enforceable is reserved exclusively for the NBPA appointed arbitrator. As set forth in Plaintiff's motion, the improper legal conclusions and conclusory statements as to these issues set forth in the Klempner Declaration are inadmissible, should not be considered by the Court in connection with the present motion to dismiss, and should be stricken from the record.

---

[1] This does not involve a question of law that would require extensive knowledge of the National Basketball Association and its "law of the shop" as Defendants' suggest. As it stands now, this case involves a question of arbitrability. The only substantive issue that may involve an analysis of NBA player and agent relationships would be the issue of how Mr. Paul's actions in the case fell woefully short of his obligations or standard of care he owed as a fiduciary to Mr. Noel. That issue is not before the Court at this time.

2

While Defendants' focus on Mr. Klempner's qualifications might suggest otherwise, this is not a *Daubert* motion. Plaintiff does not dispute that Mr. Klempner has extensive experience in and qualifications associated with the NBPA and its regulations and procedures. Nor does Mr. Noel dispute that Mr. Klempner represents the players' union to which Mr. Noel is a member.[2] What is disputed here is the propriety of Mr. Klempner's offering conclusory statements that purport to answer the legal questions that are properly before this Court. Defendants' arguments are addressed below.

### A. Plaintiff Sufficiently Articulated the Basis for His Objections to Mr. Klempner's Declaration

In addition to focusing on Mr. Klempner's qualifications rather than the content of his declaration, Defendants primarily argue that Plaintiff failed to specify which statements in the Klempner Declaration constitute improper conclusions and/or why they constitute improper conclusions. However, Defendants concede in their response that Plaintiff identified six (6) specific paragraphs within the declaration that are objectionable and that should be stricken on the grounds that they constitute inadmissible legal conclusions and/or conclusory statements. Nonetheless, Defendants argue that Plaintiff's objection is insufficient under Federal Rule of Evidence 103(a)(1). Defendants' arguments under Rule 103 fail for a number of reasons.

First, Defendants ignore the plain language of Rule 103, which states that an objection must"…. [s]tate[] the specific ground, **unless it was apparent from the context** …." *See* Fed. R. Evid. 103(a)(2) (emphasis added). Here, the grounds for Plaintiff's objections were readily apparent from the context of Plaintiff's motion as well the underlying briefing on Defendants' motion to dismiss.

---

[2] Defendants make at least eight (8) separate references throughout their response to the fact that Noel is a member of the very union that employs Mr. Klempner. *See* generally, Dkt. 14.

Second, Plaintiff satisfied Rule 103's specificity requirement, which is not as rigid as Defendants suggest. In fact, in order to be sufficiently specific an objection need only inform the judge that action is desired and provide sufficient information so that a ruling can be made on the objection. *See* WRIGHT & MILLER, 21 Fed. Prac. & Proc. Evid. § 5036 (2d ed.). Plaintiff's Motion quoted specific language in Mr. Klempner's Declaration and pointed out why such language was improper. DKT. 11 at 2. As indicated above, Plaintiff identified the six (6) specific paragraphs of the Klempner Declaration that are objectionable and indicated that those statements were inadmissible as improper legal conclusions and/or conclusory statements. Cases relied on by Defendants are not to the contrary. In *Gilmour v. Intertek USA, Inc.,* No. 3:16-CV-00266, 2018 WL 3059682, at *3 (S.D. Tex. May 30, 2018), the Court noted that the plaintiff argued only that the Defendants "have produced conclusory statements that are insufficient to support their motion for summary judgment" but did not "cite any rule of evidence or other legal authority to support this contention" and "does not indicate which specific statements he finds conclusory." *Id.* The Court was forced to conclude that plaintiff was objecting to the only affidavit offered by Defendants in its entirety. *Id.* Defendants' reliance on *Shepherd v. Dallas Cty., Tex.,* No. CIV.A. 305CV1442-D, 2008 WL 656889, at *6 (N.D. Tex. Mar. 6, 2008) is even more confusing. That case did not cite Rule 103 and while it did overrule objections to an affidavit, the court noted that the objections merely stated that the affidavits "generally contain 'conclusory statements' and that the movant "does not specify these supposed conclusory statements." Importantly, the court also noted that it did not "perceive any defects in the statements on which it has relied," and

4

"[a]ccordingly, the objections are overruled."³  The objections in *Shepherd* were not nearly as specific as those made here by Plaintiff.

Defendants' argument simply does not respond to what Plaintiff's Motion actually argued. Plaintiff identified the specific paragraphs at issue and articulated that the paragraphs should be excluded, and in turn the entire declaration excluded, on the grounds that those paragraphs constituted improper legal opinions or conclusions. Plaintiff also made arguments as to why certain specific language was objectionable. *See* DKT. 11, p. 2 (e.g., Klempner's statement that the proceedings were "subject to mandatory and exclusive arbitration"; Klempner's interpretation of the NBPA Regulations; and Klempner's interpretation of the effect of the 30-day statute of limitations provision). Plaintiff further cited cases to support the arguments for why this language should be excluded and the grounds for the exclusion – cases Defendants did not address in their response. For example, in *Kerans v. Provident Life & Acc. Ins. Co.*, 452 F. Supp. 2d 665, 671 (N.D. Tex. 2005), a party sought to exclude portions of an affidavit on the grounds that the affidavit contained inadmissible legal conclusions and conclusory statements. The court reviewed the affidavit in question in response to the asserted objections and determined that the statements therein (including statements such as did not "engage in any other activity relating to this policy and never intended to"; did not "intend to establish, maintain, or participate in a plan under ERISA"; did not "undertake any continuing administrative obligations relating to" the Policy; and "did not have an ongoing administrative scheme that related in any way" to the Policy), were improper legal conclusions and struck the statements from the record. *Id*.  *See also Genband US LLC v. Metaswitch Networks Corp.*, No. 2:14-CV-33-JRG-RSP, 2016 WL 98745, at *3 (E.D. Tex.

---

³ And while the court in *Tucker v. SAS Institute, Inc.*, 462 F. Supp. 2d 715, 722 (N.D. Tex. 2006) denied the objections for lack of specificity, the court also held that it would not consider any statements in the declarations that were plainly inadmissible. *Id*.

5

Jan. 8, 2016) (excluding expert affidavit under Rule 702 because it offered legal conclusions on disputed issues of law); *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (granting motion to strike expert affidavit submitted in support of summary judgment motion on the grounds that it set forth inadmissible legal conclusions under Rule 702).

It cannot reasonably be argued that it is not apparent from the context of Plaintiff's motion what Plaintiff was objecting to and the basis for the objection. But even if not, Plaintiff has sufficiently articulated its objections to the Klempner Declaration with the minimal required specificity under Rule 103.

As discussed below, the objected-to portions of the Klempner Declaration can only reasonably be construed as legal conclusions which should not be considered in the context of the present motions or this case.

### B. Klempner Offers Legal Conclusions and/or Conclusory Statements Which Should be Stricken

Defendants' final argument in opposition to the motion to strike is that the objected-to portions of Mr. Klempner's declaration are not legal conclusions, but simply statements of fact or "positions" of the NBPA. In addressing those particular paragraphs, Defendants ignore Plaintiff's initial arguments and, incredibly, maintain that conclusions are not conclusions if they are cloaked as "positions" or "views". These arguments are untenable. A conclusion is a conclusion no matter what Defendants choose to call it.

For purposes of clarity, Plaintiff will set forth each of the paragraphs at issue along with a brief statement of the basis for striking that paragraph.

> **Paragraph 18:** Arbitration plays a central role in the NBPA. **It is important that only a single arbitrator at any given time be allowed to interpret the SPAC and develop a "law of the shop" governing the relationship between NBA players and Player Agents** (as well as between the NBPA and Player Agents) (emphasis added).

6

Defendants argue that paragraph 18 is nothing more than a "factual statement about the role of arbitration in managing the relationship between the NBA players and Player Agents." DKT. 14, p. 4 (Page ID306). That is not the case. In this paragraph Mr. Klempner concludes that only the NBPA arbitrator should decide the issues that are before the Court. This is a legal conclusion.

> **Paragraph 20:** Since 1986, a body of arbitral law and accepted norms have developed concerning the SPAC and the application of the NBPA Regulations, **and it would significantly encumber both the NBPA and the application of the NBPA Regulations, and it would significantly encumber both the NBPA Arbitrator and the NBPA's ability to fulfill its mandate under federal labor law if courts, which may not be as familiar with the relevant arbitral authority and specific "law of the shop" unique to professional basketball, rendered their own interpretation of the SPAC or NBPA Regulations** (emphasis added).

As with paragraph 18, Defendants argue that paragraph 20 is just a factual statement. Again, however, Mr. Klempner is offering the conclusion that this Court cannot decide the question of arbitrability because this Court is not familiar with NBPA arbitral authority and/or specific laws or regulations that may relate to the relationship between players and agents. This is an improper conclusory statement.

> **Paragraph 27:** It is the NBPA's view that **this lawsuit, as framed in Noel's First Amended Petition, is subject to mandatory and exclusive arbitration in accordance with the NBPA Regulations**. Both Section 5 of the NBPA Regulations and Section 7 of the SPAC require arbitration of "any and all disputes" that either "arise under" or "involve" the "interpretation, application, or enforcement of" the SPAC or "the obligations of the parties under" the SPAC. **The NBPA's position is that these arbitration provisions are broad, and that, therefore, any dispute that even touches upon the SPAC or the NBPA Regulations is subject to arbitration** (emphasis added).

Defendants argue that paragraph 27 just offers the NBPA's "position" that the lawsuit is subject to mandatory and exclusive arbitration. But, this "position" is a conclusory one that also reaches the ultimate determination to be made by this Court. And therefore, it is improper.

> **Paragraph 28: The allegations in Noel's First Amended Petition all directly involve Paul's conduct in representing Noel** during the NBA contact negotiations from 2017 through 2020.  Count I specifically challenges the validity of the SPAC.  Count II alleges that Paul breached fiduciary duty owed under section 2 of the SPAC, duties that have been defined through the NBPA Regulations and the body of arbitral case law developed over the past 35 years.  Count III is entitled "Breach of [the Standard Player Agent] Contract," and **the remaining counts all raise causes of action that likewise arise under or involve the interpretation, application, or enforcement of the SPAC and the NBA player-relationship between the two parties** (emphasis added).

As to paragraph 28, Defendants argue that this paragraph is also just a statement of facts describing the causes of action at issue and how they relate to the SPAC.  This paragraph goes beyond a simple statement of fact.  Mr. Klempner concludes, incorrectly, that all of the allegations contained in Plaintiff's complaint relate to the SPAC and/or Mr. Paul's conduct.[4]  The question of whether the claims asserted by Plaintiff in this case are encompassed by the language of the SPAC and/or the NBPA Regulations is an issue for the Court to decide, not Mr. Klempner.

> **Paragraph 29: In addition to clear contract language, as a policy matter, these claims should be resolved in arbitration**.  **This dispute involves internal union matters concerning the relationship between an individual player, the NBPA in its capacity as the players' exclusive bargaining representative, and a Player Agent performing certain representative functions delegated to him by the union.  Its resolution must consider the body of arbitral law and accepted norms that have developed over the past 35 years concerning the SPAC and the application of the NBPA Regulations**.  **It would severely hamper both the NBPA Arbitrator and the NBPA's ability to fulfill its mandate under federal labor law if any court, which may not be as familiar with the relevant arbitral authority and specific "law of the shop" unique to professional basketball, were to render its own interpretations of the SPAC or the NBPA Regulations** (emphasis added).

Like with paragraph 27, Defendants argue that this paragraph is a mere factual statement of the NBPA's position on whether this case should be subject to arbitration.  But, the entirety of this paragraph sets forth Mr. Klempner's ultimate conclusion that this Court does not have the

---

[4] For example, Mr. Klempner does not address the separate claims asserted against Defendant Klutch.

qualifications to decide issues related to arbitrability in a dispute between an NBA player and his agent and that the case should be dismissed and arbitration compelled. It cannot reasonably be disputed that this paragraph reflects Mr. Klempner offering a conclusory statement on a question of law that is presently before the Court.

> **Paragraph 30:** Finally, Noel, in Count I, seeks a declaratory judgment pursuant to Tex. Civ. Prac. & Rem. Code section 37.001 et seq. that the portion of the NBPA's SPAC detailing a time frame by which grievances must be commenced is unenforceable and void. **Texas law does not apply to the SPAC, because, by its own terms, the SPAC is governed under New York law. Regardless, the statute does not have the effect implied by Noel. The time limitations that have been in place in the NBPA's Regulations for the past 35 years (not to mention identical provisions in the NBPA's CBA involving disputes between players and teams (Article XXXI, Section 2(c)) are entirely valid and appropriate** (emphasis added).

Defendants argue that paragraph 30 simply states the NBPA's position regarding the appropriateness of the timeframe for filing grievances under the SPAC. DKT. 14, p. 3 (PageID 305). Once again though, this is a conclusory "position" on choice of law and/or the validity, applicability and interpretation of a statute of limitations provision. Further, Mr. Klempner is wrong in his conclusion that "the statute does not have the effect implied by Noel." While Plaintiff agrees that the 30-day provision should not have the effect of barring the claims asserted by Mr. Noel in this case, if it was the case that the provision could not possibly have that effect then Defendants would not be seeking to dismiss Plaintiff's claims on the grounds that they are time barred under this very provision. These conclusory statements should be stricken.

The above-cited paragraphs represent the fundamental legal conclusions and/or conclusory statements which form the basis for Defendants' argument that this case must be dismissed and arbitration compelled. If these legal conclusions are removed from the declaration, all that remains are background statements regarding the NBPA and Mr. Klempner. These factual statements may be relevant to substantive claims in the case down the road should Mr. Klempner opine as to Mr.

Paul's failure to competently represent Mr. Noel under the requisite standards of an NBA player agent, but the allegations have no bearing on or relevance to the present motion to dismiss. As a result, it is proper to strike the entirety of Mr. Klempner's declaration in connection with the motion to dismiss. However, should the Court not grant Plaintiff's motion to strike the entirety of Mr. Klempner's conclusory declaration, the Court should strike paragraphs 18, 20, 27, 28, 29, and 30 (or those portions of those paragraphs in bold, above) as improper legal conclusions and inadmissible under Rules 402, 403, and 702 of the Federal Rules of Evidence.

For these reasons, and the reasons set forth in the initial motion, Plaintiff's Motion to Strike should be granted.

Respectfully submitted,

/s/ *Brian P. McGraw*

Brian P. McGraw (pro hac vice)
Dennis D. Murrell (pro hac vice to be filed)
Matthew P. Dearmond (pro hac vice to be filed)
MIDDLETON REUTLINGER
401 S. 4th Street, Suite 2600
Louisville, Kentucky 40202
Telephone: (502) 584-1135
Fax: (502) 561-0442
dmurrell@middletonlaw.com
bmcgraw@middletonlaw.com
mdearmond@middletonlaw.com

Craig F. Simon
State Bar No. 00784968
LOEWINSOHN DEARY SIMON RAY LLP
12377 Merit Drive, Suite 900
Dallas, Texas 75251
Telephone: (214) 572-1700
Fax: (214) 572-1717
craigs@ldsrlaw.com

**ATTORNEYS FOR PLAINTIFF
NERLENS NOEL**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 20th day of December, 2021, a true and correct copy of the foregoing document has been served via e-filing upon all counsel of record.

          /s/ *Craig F. Simon*
          Craig F. Simon