UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NERLENS NOEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-2485 |
| | § | |
| RICHARD PAUL and KLUTCH | § | |
| SPORTS GROUP, LLC, | § | |
| | § | |
| Defendants. | § | |

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR JURISDICTIONAL
DISCOVERY AND RESPONSE TO "MOTION" FOR ATTORNEYS' FEES

Plaintiff Nerlens Noel ("Noel" or "Plaintiff") submits this Reply in Support of his Motion to Conduct Jurisdictional Discovery and also responds to the "Motion" for Attorneys' Fees Defendants purport to make in their Response.

ARGUMENT

Defendants' entire Response, which fails to address even a single case relied upon by Plaintiff, misconstrues or misrepresents both the burden on a plaintiff seeking jurisdictional discovery and the types of conduct that can subject an out of state defendant to jurisdiction in Texas. Contrary to Defendants' arguments, Noel's burden at this stage is not heavy and his request for jurisdictional discovery is the type of motion that courts routinely grant. *See, e.g., Nafta Traders, Inc. v. Hewy Wine Chillers, LLC,* No. 3:18-CV-2773-L, 2018 WL 6696349, at *3 (N.D. Tex. Dec. 20, 2018) (granting motion for jurisdictional discovery). Plaintiff has made the necessary preliminary showing through factual allegations in his Petition and Declaration, which must be taken as true at this stage, that Defendants purposefully directed their efforts at a Texas resident, engaged in ongoing communications with a Texas resident, and profited from their

business relationship and efforts in Texas.  Having submitted their own evidence by declaration, Defendants cannot now seek to shield the rest of the facts from Plaintiff or prevent Plaintiff from testing the allegations in the self-serving Paul declaration through document and deposition discovery.

In a demonstration of false bravado, Defendants also make an extremely aggressive, completely unjustified, and procedurally defective request for Rule 11 sanctions. Their tactic is remarkable and fails to comply with Rule 11 for several reasons, including because Rule 11 does not apply to discovery motions and because Defendants did not provide the required 21-day notice period and give Noel an opportunity to respond prior to filing their "Motion." Even if the sanctions request was procedurally proper, which it is not, Defendants' request is ill-fated on the merits because they fail to show that Noel's request for discovery is itself improper. Defendants' over-zealous sanctions request should be rejected, and the Court should grant Noel's Motion for Jurisdictional Discovery.

## I.     Plaintiff is entitled to jurisdictional discovery.

### A.     Defendants overstate the burden on Plaintiff to obtain jurisdictional discovery.

In support of their argument that Plaintiff is not entitled to any jurisdictional discovery, Defendants correctly point out what Plaintiff acknowledged in his motion:  that Plaintiff must make a preliminary showing to be entitled to jurisdictional discovery.  DKT 15 at 5; DKT 12 at 4. Defendants essentially argue that Plaintiff must prove jurisdiction to be entitled to jurisdictional discovery, which is obviously not the law.  In fact, Defendants fail to address the cases cited by Noel holding that the preliminary showing "does not require proof that personal jurisdiction exists."  *Id.*, citing *Next Techs., Inc. v. ThermoGenisis, LLC*, 121 F. Supp. 3d 671, 676 (W.D. Tex. 2015).  Rather, a plaintiff meets his burden by stating "what facts discovery is expected to uncover

and how those facts would support personal jurisdiction." *Id.* As Plaintiff explained in his motion, if "a plaintiff presents factual allegations that suggest with reasonable particularity the ***possible*** existence of the requisite contacts ... the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.* (emphasis added). Contrary to Defendants' argument, courts in this District have made clear—in the context of discovery to establish general or specific personal jurisdiction—that a "plaintiff ***does not have a heavy burden*** to obtain jurisdictional discovery." *Nafta Traders*, 2018 WL 6696349, at *3 (emphasis added).

### B. Plaintiff has made a sufficient preliminary showing.

Defendants argue that discovery is not proper because it would not lead to facts sufficient to show specific or general jurisdiction and because discovery is only permitted if there is a fact issue. But to make their argument, Defendants mischaracterize Noel's allegations and the relevant jurisdictional inquiry, and ignore the fact issues created by Defendant Paul's declaration.

In an attempt to establish that the discovery sought is futile, Defendants argue, incorrectly, that Plaintiff rests jurisdiction solely on the fact that Defendants contracted with him while he was a Texas resident and that "[c]arrying out a contract with a Texas resident does not establish specific jurisdiction." DKT 15 at 7, 9. But Noel makes clear—both in his Petition and in his declaration— that his assertion of jurisdiction is based on Defendants' extensive contacts with him over an extended period while he resided in Texas, including emails, texts, phone calls, and in person visits by KSG personnel. DKT 10 at App.4, ¶¶ 13, 14, 18-22; Original Petition at 2.[1] More importantly, contracting with a Texas resident ***can*** support personal jurisdiction: "[a]lthough merely contracting with a Texas resident, by itself, is not sufficient to establish personal jurisdiction, in combination

---

[1] Noel's declaration also establishes that, during the time Noel was a resident of Texas, Defendant Paul advised him to take a qualifying offer from the Dallas Mavericks, which he did, and that Paul received a commission on the agreement Noel signed with the Dallas Mavericks. DKT 10 at App.4, ¶¶ 13, 14, 16, 17.

with other factors, it is relevant to the jurisdictional analysis **and can, in appropriate circumstances, support the exercise of personal jurisdiction**." *Nafta Traders,* 2018 WL 6696349, at \*5 (emphasis added).  Cases cited by Defendants are not to the contrary.  *E.g., SMK Painting Co. v. Flournoy Constr. Co., LLC,* No. Civ. A. 3:99–CV–0916–G, 1999 WL 1017779, at \*4 (N.D. Tex. Nov. 8, 1999) (noting that entering an "isolated" contract with a Texas resident "without more," will not suffice to create personal jurisdiction).[2]  Noel has alleged "more" than just the contract; he has alleged an ongoing and extensive series of communications directed at Texas. DKT 10 at App.4, ¶¶ 13, 14, 18-22; Original Petition at 2.  Noel has also alleged that his contract in Texas is not "isolated;" that, in fact, Defendants have entered contracts with numerous Texas residents. DKT 12 at 6-7.  Noel is appropriately seeking discovery to obtain further information regarding Defendants' conduct related to their contract with him[3] (specific jurisdiction) and their contracts with others in Texas[4] (general jurisdiction).

Defendants further attempt to argue that any jurisdictional discovery is futile by claiming that because they were not physically in Texas when engaging in alleged wrongful conduct, this Court can never exercise jurisdiction over them.  DKT 15 at 9. Defendants are simply wrong.  "So long as a commercial actor's efforts are 'purposefully directed' toward a resident of another State, the mere absence of physical contacts within the forum state cannot defeat personal jurisdiction there."  *Central Freight Lines Inc. v. APA Transport Corp.,* 322 F.3d 376, 385 (5th Cir. 2003) ; *see*

---

[2] Defendants also cite *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446 (3d Cir. 2003) for the proposition that "if a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts…the plaintiff's right to conduct jurisdictional discovery should be sustained." DKT 15 at 5.  Notably, the *Step Two* court held that the district court erred in denying jurisdictional discovery.  318 F.3d at 456.  The court noted that discovery "might provide the 'something more' needed to bring [Defendant] within our jurisdiction." *Id.*
[3] *See, e.g.,* DKT 12-2 at Interrogatory No. 6 (all travel to Texas by KSG employees related to Noel), Request for Production No. 3 (communications about Noel addressed to teams in Texas).
[4] DKT 12-1 at Interrogatory Nos. 1 (current and former clients in Texas in last four years), 2-4 (revenue from contracts with Texas residents and endorsement contracts with links to Texas), 9 (taxes paid in Texas) and Request for Production Nos. 1 (documents reflecting revenues from Texas clients), 2 (endorsement contracts with links to Texas).

*also Abatix Corp. v. Capra,* No. 2:07-CV-541, 2008 WL 4427285 at *3 (W.D. Tex. 2008), quoting *Burger King v. Rudzewicz,* 471 U.S. 462, 476 (1985) ("jurisdiction may not be avoided merely because the defendant did not physically enter the forum state."). The Fifth Circuit has emphasized that physical presence in the state is not essential and that business conducted by mail and electronic communications can give rise to jurisdiction; what matters is whether the defendant "purposefully directed its in-state and out-of-state activities at a resident of the forum . . .with the aim of establishing a long-term association with that resident and with the foreseeable and intended result of causing economic activity within the forum state." *Central Freight,* 322 F.3d at 383. That is exactly what Plaintiff alleges Defendants did.  In fact, "[i]t is well settled that specific jurisdiction may arise without the nonresident defendant ***ever stepping foot upon the forum state's soil*** or may arise incident to the commission ***of a single act directed at the forum***." *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990) (emphasis added).  Given this clear precedent, much of Defendant Paul's declaration, which notes that he has not attended schools or owned property in Texas, is simply irrelevant.  *See* DKT 4 at App. 002.  Moreover, Noel has alleged that representatives from Defendant KSG did come to Texas "on multiple occasions" while representing him. DKT 10 at App. 003 ¶ 15.[5]

Defendants ask the Court to essentially ignore Noel's allegation by claiming that Noel did not allege that "such KSG representatives went to such games in their professional capacities (as

---

[5] The Court should not credit Defendants' argument that jurisdiction cannot exist in Texas because Noel's suit claims that Defendants did not do enough work on his behalf.  The fact that Noel alleges that "after the 2017/2018 season, Paul began to lose interest in Noel as a client" and failed to present "any real proposals to Noel in terms of strategies or ideas on how Noel might secure a long-term contract…" (Petition at 5) does not in any way "show" that Defendants never "directed activities towards Texas or participated in activities in Texas."  DKT 15 at 9.  First, the allegation Defendants point to is clear that it addresses Paul's lack of effort ***after*** the 2017/2018 season; that is nearly a year into Noel's relationship with Defendants.  Second, the fact that Defendants breached their fiduciary duties in not doing enough to get Noel a new contract in no way forecloses the fact that—as alleged in the Petition and set out in Noel's declaration—they did enter a contract with a Texas resident and direct extensive communications to Texas during the 2017/2018 season.  Defendants' argument is yet another red herring.

opposed to for leisure)." DKT 15 at 8. But Noel's allegations must be taken as true at this stage. *Bullion,* 895 F.2d at 216 ("factual conflicts contained in the affidavits must be resolved in favor of the plaintiff .") Moreover, Defendants' argument at best raises a fact issue as to the nature of Defendants' visits to Texas to see Noel. This, among other things, undercuts Defendants' argument that discovery is not warranted because there are no issues of fact as to either general or specific jurisdiction. DKT 15 at 6, 8, 10. Defendants' filings have clearly created issues of fact. For example, Paul's declaration asserts that any travel to Texas would be a "significant inconvenience." DKT 4, Ex. A, at App.002. Notably, Paul's declaration is silent on whether and how much he has traveled to Texas, including in connection with the long list of other potential Texas clients set out by Noel. DKT 12 at 6-7. Thus, there is a fact issue regarding not only Paul's travel to Texas but also the alleged burden travel for this case would cause. Noel's proposed discovery seeks to explore both issues. (DKT 12-1 at Interrogatory Nos. 6 (asking about travel to Texas related to Noel), 7 (inquiring about other travel to Texas), 8 (inquiring about travel in general). Defendants' Motion to Dismiss and Paul's Declaration also noted the presence of a KSG employee in Texas. DKT 3 at 21; DKT 4, Ex. A, at App.003. While Defendants argue that their conducting business through an employee in Noel should be allowed to explore the fact issues regarding the scope and nature of Defendants' employee(s) or agents in Texas. Noel appropriately seeks discovery on that issue (DKT 12-1 at Interrogatory No. 5), which is relevant to general jurisdiction. *See, e.g., Nafta Traders, LLC,* 2018 WL 6696349 at *5 (finding fact issue regarding whether defendant had employees or agents in Texas and permitting discovery on the issues of general and specific jurisdiction). And while there is a heavy burden to establish general jurisdiction, that does not foreclose Noel's right to conduct discovery as long as he has made the relevant preliminary showing. *See, e.g., id.*

6

Finally, Defendants' purported concerns about the specific discovery requests attached to Noel's Motion do not provide grounds to deny Noel the right to any discovery. First, Defendants ignore the fact that Noel's motion seeks not only written discovery, but also depositions of Defendant Paul and a 30(b)(6) representative of KSG. DKT 12 at 7. Defendants do not even attempt to argue that those depositions have no possibility of obtaining information relevant to jurisdiction. Second, it is curious that Defendants argue that Noel's general jurisdiction discovery is "sweeping," a "fishing expedition," and imposes an undue burden on them (DKT 15 at 10, 11) while also claiming that they have few, if any, contacts with Texas. If Defendants have few contacts with Texas, there should be little burden on them to respond to requests that seek only information about contacts with Texas. Moreover, Defendants' alleged confidentiality concerns can, if valid, be addressed with a confidentiality agreement or protective order. Finally, any issues regarding the scope and extent of jurisdictional discovery should not be the primary focus here. Instead, the Court should rule that Plaintiff is entitled to jurisdictional discovery. To the extent Defendants have specific objections to or concerns with aspects of the discovery requests, those can be addressed through conferences among counsel and the objection process, to the extent necessary.

## II.    Defendants' "Motion" for attorneys' fees is improper, baseless, and in clear violation of the very rules Defendants claim to be enforcing.

Based solely on Fed. R. Civ. P. 11, Defendants claim that they are entitled to attorneys' fees in connection with the Motion for Jurisdictional discovery. They claim that Noel's Motion is sanctionable because (1) his requests do not seek information that could establish jurisdiction; (2) Noel should have served jurisdictional discovery and sought a deposition prior to responding to the motion to dismiss; and (3) Noel did not provide Defendants a meaningful opportunity to confer on the Motion. DKT 115 at 1-2, 13-14. As discussed above, Defendants are wrong on the

substance; Noel's requests are proper and seek information that could help establish jurisdiction over the Defendants.  Moreover, Noel could not have obtained discovery absent leave of court because no Rule 26(f) conference has yet taken place in this case.  Finally, Defendants' reliance on Rule 11 is entirely misplaced because it does not provide relief here and Defendants have failed to comply with its requirements.

### A.  Defendants are not entitled to relief under Rule 11.

Defendants notably do not cite a **single case** that awarded Rule 11 sanctions for the filing of a motion for jurisdictional discovery – a fact that illustrates the ill-fated nature of their baseless request.  That failure is unsurprising because the rule, on its face, does not apply to discovery motions or requests for discovery, including jurisdictional discovery:  "This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."  Fed. R. Civ. P. 11(d).  Courts are in accord. *See, e.g., Quantum Catalytics, LLC v. Ze-Gen, Inc.,* No. CIV.A. H-07-2619, 2008 WL 5102272, at *2 (S.D. Tex. Dec. 1, 2008) (relying on the plain language of Rule 11 to deny request for attorneys' fees because "[b]y its own terms, then, Rule 11 does not provide an avenue by which the court can shift attorneys' fees for jurisdictional discovery.").

Defendants' request for sanctions fails for the independent reason that Defendants failed to comply with Rule 11's requirements.  Rule 11 mandates that the party seeking sanctions serve (but not file) the Rule 11 motion and allow the "offending" party 21 days to cure the violation.  Fed. R. Civ. P. 11(c)(2).  Only if the violation is not cured within that time can the party seeking sanctions file the motion.  Violation of this "safe harbor" approach mandates denial of the motion.

> Under Rule 11, a motion for sanctions may not be filed until at least 21 days after service of the motion on the offending party. See Fed. R. Civ. P. 11(c)(2). If, during this period, the alleged violation is withdrawn or appropriately corrected, the motion should not be filed

> with the court. These provisions are intended to provide a type of
> "safe harbor" against motions under Rule 11 in that a party will not
> be subject to sanctions on the basis of another party's motion unless,
> after receiving the motion, it refuses to remedy the improper paper,
> claim, defense, contention, or denial. The safe-harbor provision is
> strictly construed, and substantial compliance and informal notice
> and opportunity to withdraw are not sufficient.  A Rule 11 motion
> for sanctions is properly denied when the movant fails to comply
> with the safe-harbor provision. The movant has the burden to show
> compliance.

*Orchestrate HR, Inc. v. Trombetta*, 178 F. Supp. 3d 476, 498 (N.D. Tex. 2016), objections

overruled sub nom., *Orchestratehr, Inc. v. Trombetta*, No. 3:13-CV-2110-KS-BH, 2016 WL

5942223 (N.D. Tex. Oct. 13, 2016) (denying motion for sanctions) (internal citations omitted).

Defendants did not serve their "Motion" on Noel and did not provide the 21-day "safe harbor"

period.  Defendants do not even attempt to claim or establish compliance with Rule 11.[6]

### B.  Plaintiff could not have conducted jurisdictional discovery without filing the Motion.

Independent of the foregoing, Defendants' sanctions request fails because it rests on the

false premise that Plaintiff should have sought the jurisdictional discovery earlier and without a

motion. DKT 15 at 1, 13-14.  Defendants make much of the fact that Noel requested and received

an extension to respond to the Motion, making it sound as though Noel had weeks or even months

during which he could have conducted written discovery and taken depositions. *Id.* at 1.  But the

extension Noel received was a one-week extension.  Noel filed his Response 28 days after the

Motion to Dismiss was filed; there was no time to serve discovery and obtain responses.

More importantly, Defendants' argument ignores fact that Noel could not have served

discovery without first filing the motion about which they now complain. The parties have not yet

---

[6] Defendants' "Motion" is also improper because Rule 11 motions must be brought separately, not as part of another motion and certainly not part of a response: "A motion for sanctions must be made separately from any other motion …." Fed.R.Civ.P. 11(c)(2).

had their Rule 26(f) conference.  Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)…") Defendants' clearly erroneous argument must be rejected.

### C.  Defendants' claim of no "reasonable opportunity to confer" is misleading and must be rejected.

Defendants' final complaint is that counsel for Noel did not provide "ample time to confer." DKT 15 at 2.  As set forth in the certificate of conference, counsel for Noel conferred via email before the Motion was filed.  In response, Defendants indicated that they would oppose the relief sought and that they were not able to confer with their clients on short notice.  *See* Ex. A. Defendants fail to mention that Noel's counsel replied that same day—before the Motion was filed—noting that he was "happy to keep a dialog open" about the discovery motion and requests once Defendants had a chance to review them.  *Id.*  Defendants' counsel never responded.  Having made no effort to try to resolve the issues before filing their improper request for sanctions, Defendants' claim that they were not given an opportunity to discuss the request for discovery before filing their "Motion" for sanctions falls flat.

### <u>CONCLUSION</u>

Plaintiff requests that the Court grant his Motion. Moreover, Rule 11 permits the Court to award "the prevailing party the reasonable expenses, including attorneys' fees, incurred for the motion."  Fed.R.Civ.P. 11(c)(2). Because Defendants' Rule 11 Motion is improper and baseless, Noel requests that the Court award him the reasonable expenses, including attorneys' fees, incurred in responding to the Motion.

Respectfully submitted,


 /s/ *Brian P. McGraw*

Brian P. McGraw (pro hac vice)
Dennis D. Murrell (pro hac vice to be filed)
Matthew P. Dearmond (pro hac vice to be filed)
MIDDLETON REUTLINGER
401 S. 4th Street, Suite 2600
Louisville, Kentucky 40202
Telephone: (502) 584-1135
Fax: (502) 561-0442
dmurrell@middletonlaw.com
bmcgraw@middletonlaw.com
mdearmond@middletonlaw.com

Craig F. Simon
State Bar No. 00784968
LOEWINSOHN DEARY SIMON RAY LLP
12377 Merit Drive, Suite 900
Dallas, Texas 75251
Telephone: (214) 572-1700
Fax: (214) 572-1717
craigs@ldsrlaw.com

**ATTORNEYS FOR PLAINTIFF
NERLENS NOEL**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 20th day of December, 2021, a true and correct copy of the foregoing document has been served via e-filing upon all counsel of record.


  /s/ *Craig F. Simon*                          
Craig F. Simon